557 A.2d 62

James G. Ross, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellee.

Submitted on briefs February 15, 1989, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*J. Michael Ruttle,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BLATT, April 19, 1989:

James G. Ross (appellant) appeals from the order of the Court of Common Pleas of Bucks County denying his appeal from the suspension of his operating privilege by the Department of Transportation (DOT) pursuant to Section 1542 of the Vehicle Code (Code), 75 Pa. C. S. §1542 (habitual offender). We will affirm.

On June 4, 1985, the appellant was riding his all terrain vehicle (ATV) in a wooded area near his home. In order to get home, he drove the ATV on public streets in his neighborhood. This occurred between 8:00 p.m. and 8:30 p.m., and he did not have his lights on. He was seen by a police officer, who stopped him and arrested him for driving without lights[1] and for fleeing or attempting to elude a police officer.[2] He pled guilty to these offenses and paid the fines. Notes of Testimony (N.T.) at 10, Reproduced Record (R.R.) at 13a.

Because the appellant had a prior offense on his record committed within the past five year period,[3] DOT notified him that his operating privilege would be

---

[1] Section 3734 of the Code, 75 Pa. C. S. §3734.

[2] Section 3733 of the Code, 75 Pa. C. S. §3733.

[3] The appellant's prior conviction was for driving while intoxicated, in violation of Section 3731 of the Code, 75 Pa. C. S. §3731, and is not at issue in this case.

revoked for five years pursuant to the habitual offender statute. He appealed this revocation to the trial court. It held a *de novo* hearing, took documentary evidence from DOT, and took testimony from the appellant. The issue that the trial court considered was whether the violations for which the appellant was cited were a result of one act or separate acts. Based on previous decisions of this Court, holding that such convictions may result from the same factual episode, the trial court resolved this issue in favor of DOT.[4] The appellant now appeals to this Court.

The first issue in this case is a general one of statutory construction. Section 1542 provides in pertinent part as follows:

> Three convictions *arising from separate acts* of any one or more of the following offenses *committed either singularly or in combination* by any person shall result in such person being designated as a habitual offender. ...

(Emphasis added.) This statute has been construed many times by this Court, but it continues to create confusion. As the appellant recognizes, a single factual episode can result in multiple convictions, which can result in the motorist being adjudged a habitual offender.

In this case, as DOT and the trial court seem to have missed, the operative phrase is the requirement that the convictions arise from "separate acts." Basically, this means that although all three Code violations may be committed in combination in the course of one general

---

[4] *See, e.g., Department of Transportation, Bureau of Traffic Safety v. McDevitt,* 57 Pa. Commonwealth Ct. 589, 427 A.2d 280 (1981), *aff'd,* 500 Pa. 532, 458 A.2d 939 (1983); *Weaver v. Department of Transportation, Bureau of Traffic Safety,* 52 Pa. Commonwealth Ct. 625, 416 A.2d 628 (1980); *Brewster v. Department of Transportation,* 52 Pa. Commonwealth Ct. 112, 415 A.2d 922 (1980). These cases all construed the phrase, "committed either singularly or in combination," found within Section 1542 of the Code. The instant case, however, turns on the construction of the phrase, "arising from separate acts," also found within Section 1542.

factual episode, the driver must also have done three completely different improper things which led to those Code violations in order to be considered a habitual offender.

This leads to the second more specific issue in this case, which is whether the appellant's offenses arose from separate acts. He was arrested for driving without lights and for fleeing or eluding a police officer. The appellant contends that he was arrested for eluding a police officer because he was driving without lights and that, therefore, both convictions at issue here arose from the same act, *i.e.*, not turning on his lights when he should have done so. This contention distinguishes this case from those in which the driver argues that Section 1542 does not apply because more than one act was committed either simultaneously or within the same factual episode.

Only one citation is included in the certified record. This citation states that the appellant was charged with "[d]riving without lights to avoid identification or arrest." DOT exhibit No. 2.[5] Additionally, the appellant testified at the trial court hearing that he stopped immediately after being signaled by the officer. N.T. at 9, R.R. at 12a. With such sparse evidence, our only alternative is to look to the statutes for an answer.

Section 3733(a) defines the offense of fleeing or attempting to elude a police officer as follows:

> Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

---

[5] The transcript of the trial court hearing shows that DOT submitted only three documents for admission to the record: DOT's suspension notice relevant to the Section 3734 violation, DOT's summary of the appellant's driving record and the citation described above. N.T. at 3. R.R. at 6a.

By definition, this offense must involve an act other than driving without lights. Therefore, in order to be convicted of this offense, the driver must do something more than drive his vehicle without turning on the lights. This is especially evident from the added component of a *pursuing* police vehicle. This definition suggests that, despite the appellant's testimony, he had to be doing something to attempt *to get away from* the officer *after being signaled by him,* and was not merely attempting to drive through the neighborhood undetected. Therefore, by pleading guilty to this offense, the appellant admitted to committing two separate acts, and the requirements of Section 1542 have been met. Although this analysis requires us to assume facts which are not explicitly stated in the record, we believe that the clarity of the definitions of the two Code violations involved in this case, combined with the appellant's admission to being convicted of those violations, enables us to do that without making facts out of whole cloth.[6]

DOT has requested costs and attorneys' fees based on its assertion that the appellant's appeal is frivolous. Because of the unique circumstances of this case, we will not make such an award.

We will, accordingly, affirm the order of the trial court.

## ORDER

AND NOW, this 19th day of April, 1989, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed, and the five-year revocation of the operating privilege of James G. Ross is reinstated.

---

[6] We need not remand for a finding of precisely what act it was that the appellant committed in addition to failing to turn on his lights because we know by definition that it was an act separate from that act, and that is all that is necessary for us to know.