650 A.2d 1131

**Dennis P. HILL, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 30, 1994.

Decided Nov. 14, 1994.

344

Robert P. Hagan, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellee.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Dennis Hill appeals an order of the Delaware County Court of Common Pleas which denied his appeal of a five-year revocation of his driver's license by the Department of Transportation (DOT) under the Vehicle Code's habitual offender provision, 75 Pa.C.S. § 1542.

Hill was convicted of three violations of the Vehicle Code arising from a single incident occurring on February 27, 1992. Hill had been driving under the influence of alcohol when he hit a second car into a third vehicle, an occupant of which was injured. DOT suspended his license for six months for the violation of leaving the scene of an accident involving death or injury, one year for leaving the scene of an accident involving damage to a vehicle and revoked his license for five years for

driving under the influence of alcohol or controlled substance. DOT imposed the two suspensions pursuant to 75 Pa.C.S. § 1532. It imposed the five-year revocation for the third violation based on the habitual offender statute, which provides:

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

(b) Offenses enumerated.—*Three convictions arising from separate acts* of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender....

(d) Period of revocation.—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

. . . .

75 Pa.C.S. § 1542 (emphasis added).

■ The trial court, in a well-written opinion, denied with some apparent reluctance Hill's challenge to the five-year revocation. Hill now appeals to this Court.[1]

■ Hill's argument in this appeal is that an individual with no prior offenses who receives three convictions arising from two acts in a single incident should not be considered a

---

1. Our scope of review of a trial court decision in a license suspension case is limited to determining whether the court made findings of fact unsupported by substantial evidence, committed an error of law or abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Lescisin,* 156 Pa.Commonwealth Ct. 666, 628 A.2d 1208 (1993).

habitual offender under the habitual offender statute. Hill expressly does not ground his contention on the fact that the violations occurred in a series of a single event, but instead argues that there were only two acts involved herein, i.e., driving under the influence of alcohol and striking a vehicle; he maintains that the chain reaction which took place, whereby the vehicle he struck in turn struck another vehicle, does not constitute a third act.

In *Frontini v. Department of Transportation*, 527 Pa. 448, 593 A.2d 410 (1991), our Supreme Court held that an appellant's three convictions for homicide by vehicle were not separate acts, but resulted from a single act, and were therefore not to be considered separate offenses under the habitual offender provision. The Court also wrote:

> The apparent thrust of the habitual offender statute is to punish persons who make a 'habit' of violating the more serious provisions of the vehicle code, thus causing themselves to be a menace to the other licensed drivers in Pennsylvania. Thus, the habitual offender statute is recidivist in nature, concerning itself with the number of prior acts committed by the offender, as opposed to the multiple consequences of any one act. . . .

> Statutes such as these, provide for enhanced penalties for individuals with a propensity to commit repeated offenses of the same type.

*Id.* at 451–452, 593 A.2d at 412.

We relied on *Frontini* in deciding that, under former Section 13(m) of the Drug Act, formerly 35 P.S. § 780–113(m), now replaced by 75 Pa.C.S. § 1532(c), multiple convictions arising out of a single incident constitute only a single offense. *Department of Transportation, Bureau of Driver Licensing v. Perruso*, 160 Pa.Commonwealth Ct. 49, 634 A.2d 692 (1993), *petition for allowance of appeal denied*, 538 Pa. 650, 647 A.2d 904 (1994). The statute there was not expressly recidivist, as is the habitual offender statute by its very title and terms. Nevertheless, we recognized that provisions which are in fact recidivist or enhancement provisions are designed to deter

future criminal behavior, and it is therefore improperly simplistic to treat separate offenses arising from the same incident as two separate offenses under said provisions. *Id.* On the other hand, we also recognized that the habitual offender statute provides specific authority to treat one as a habitual offender for convictions arising from the same incident, in that it defines a habitual offender as one having "[t]hree convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination ..." *Id.* We then cited *Brewster v. Department of Transportation,* 52 Pa.Commonwealth Ct. 112, 114–115, 415 A.2d 922, 924 (1980), the case which the trial court believed compelled the denial of Hill's appeal, wherein we upheld a five-year revocation under section 1542 for three separate offenses occurring during a single incident:

> The circumstances surrounding appellant's three convictions, it is urged, do not evidence 'habitual' conduct in the common sense. Where, however, the legislature has specifically defined a term, as in Section 1542 it has defined 'habitual offender,' this Court may not frustrate the clear legislative intent by interpreting such term according to its usual and customary meaning in disregard of the legislature's intended usage.

However, as noted above, Hill does not ask this Court to hold in the habitual offender context that multiple convictions arising from the same *incident* constitute a single offense,[2] but instead argues that he committed two, rather than three, *acts* under the statute. We agree with this contention and therefore conclude that the five-year revocation provision under the statute does not apply to Hill. We hold that the two convictions here for leaving the scene of an accident constitute one act for purposes of section 1542. With one act of leaving the scene of an accident, Hill violated 75 Pa.C.S. § 3743, because

**2.** Nevertheless, given the rationale in *Frontini* and portions of the discussion in *Perruso* and *Brewster,* as well as the very nature of the habitual offender statute and the language therein, we must admit it is a plausible argument that, contrary to our earlier holding in *Brewster,* several convictions arising from the same incident, where no prior convictions exist, should be treated as only as a single conviction under the habitual offender statute.

the accident resulted in damage to a vehicle, and 75 Pa.C.S. § 3742, because the accident resulted in injury or death. Hill does not dispute his receiving two convictions. Nor does he suggest that driving under the influence of alcohol was not a separate act. However, as in *Frontini*, and unlike other cases cited herein, here there was clearly a single act that gave rise to multiple convictions.

We disagree with DOT's assertion that two separate acts occurred when 1) Hill hit one vehicle, and 2) when, a split-second later, Hill pushed that vehicle into another vehicle. First, the convictions here were for leaving the scene of an accident in which one is involved. Second, we simply think DOT's assertion is facially too fine of a distinction, particularly in view of the statute and *Frontini*. We also conclude that the cases DOT cites are distinguishable. As we have stated, *Brewster* involved the argument that all offenses arising from a single *incident*, rather than act, constitute only one offense for purposes of section 1542. Moreover, the appellant there committed what, in contrast to this case, are arguably three separate acts—driving under the influence of alcohol, fleeing police and leaving the scene of an accident involving property damage.

Similarly, the appellant in *Melcher v. Commonwealth*, 58 Pa.Commonwealth Ct. 634, 428 A.2d 773 (1981) committed the acts of racing on highways, fleeing police and driving without lights to avoid identification. The Supreme Court in *Frontini* distinguished *Department of Transportation, Bureau of Traffic Safety v. Frye*, 88 Pa.Commonwealth Ct. 380, 489 A.2d 984 (1985), *aff'd*, 514 Pa. 219, 523 A.2d 332 (1987), stating that the defendant in *Frye* committed a series of separate and distinct acts within a narrow time frame. In *Ross v. Department of Transportation, Bureau of Driver Licensing*, 125 Pa.Commonwealth Ct. 256, 557 A.2d 62 (1989), *petition for allowance of appeal denied*, 524 Pa. 623, 571 A.2d 385 (1989), the appellant had a prior conviction before being convicted for what was determined, after close examination of the elements involved in each offense, to be distinct acts of driving without lights to avoid identification and fleeing a police officer. In *Weaver v. Department of Transportation, Bureau of Traffic*

*Safety,* 52 Pa.Commonwealth Ct. 625, 416 A.2d 628 (1980), the appellant committed within ten minutes the acts of driving under the influence of alcohol or controlled substance, fleeing police and leaving the scene of an accident involving property damage. All of these cases involve distinctions in action rather than factual result, and certainly involve greater distinctions than causing injury to a person in one car but only causing damage to another.[3] All of these cases, except *Ross,* predate *Frontini.*

We conclude that the two convictions in this case based on the act of leaving the scene of an accident are directly analogous to the situation in *Frontini,* wherein the appellant, with one act, committed three counts of homicide by motor vehicle and received three convictions and three sentences thereon. We follow our Supreme Court's statement in that case:

> In the present case we have an individual, who by a single act caused multiple consequences. The propriety of the multiple criminal sanctions he must suffer as a result of that act is without question. However, for the purpose of a recidivist penalty it would be unjust, and in derivation of the intent of the statute, to separate out the consequences of this one act in order to catagorize [sic] this individual as a person with a propensity to commit repeated offenses. Wherefore, we find the convictions for homicide by vehicle, having resulted from a single act, are not to be considered as separate offenses for the purposes of classifying this appellant as an habitual offender pursuant to 75 Pa.C.S. § 1542.

*Frontini,* 527 Pa. at 452, 593 A.2d at 412 (footnote omitted).

Accordingly, the trial court's order is reversed and Hill's five-year license revocation is removed.

3. Presumably, if someone in the car that Hill's car hit had been injured, Hill would have faced two counts of violating section 3742, instead of one count under that section and another under section 3743. The general rule language in both sections is identical, except one deals with an accident "resulting only in damage to a vehicle or other property which is driven or attended by any person" and the other deals with an accident "resulting in injury or death of any person."

### ORDER

AND NOW, this 14th day of November, 1994, the order of the Court of Common Pleas of Delaware County, No. 93–14398, dated April 6, 1994, is hereby reversed.