Kirk BROSIUS, Appellant,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1995.

Decided Aug. 9, 1995.

No appearance, for appellant.

William A. Kuhar, Jr., for appellee.

Before DOYLE and FRIEDMAN, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Kirk Brosius (Licensee) appeals an order of the Court of Common Pleas of Westmoreland County dismissing his appeal from the suspension of his driving privileges pursuant

---

to Section 13(m) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[1]

The facts of this case are not in dispute.[2] On September 18, 1992, Licensee pled guilty to two separate charges of possession of a controlled substance arising from two separate incidents which occurred on January 2, 1991, and on October 3, 1991. On October 26, 1992, Licensee was notified by the Department of Transportation, Bureau of Driver Licensing, that his license would be suspended for a period of ninety days for the January 2, 1991 offense, and one year for the October 3, 1991 offense pursuant to Section 13(m)(1) and (2) of the Drug Act. Licensee filed an appeal to the trial court, which was denied.

Licensee's sole argument on appeal is that his license should only be suspended for ninety days in accordance with the provisions of Section 13(m) of the Drug Act, because his convictions occurred simultaneously, and he should, therefore, not be considered a repeat offender.

Section 13(m),[3] provides, in relevant part, that:

> [A]ny person ... who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privileges suspended. The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

> (1) For a first offense, a period of 90 days from the date of suspension.

> (2) For a second offense, a period of one year from the date of suspension.

> (3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

Licensee asserts that this statute is representative of the "recidivist philosophy" as illustrated by various Supreme Court and Superior Court decisions, such as *Commonwealth v. Dickerson,* 533 Pa. 294, 621 A.2d 990 (1993), and *Commonwealth v. Sutton,* 125 Pa.Superior Ct. 407, 189 A. 556 (1937). These cases stand for the proposition that when a statute is recidivist in nature, its purpose is generally to punish the offender who refuses to be reformed. Thus, under this view, the offender must be given an opportunity to reform before he or she is subject to enhanced penalties which punish repeated criminal behavior.

Following this analysis, Licensee would only be subject to a penalty for a first offense, since he did not have a violation of the Drug Act after a conviction and did not have an opportunity to reform; therefore, in Licensee's view, he cannot be considered a recidivist. Such a position is arguably consistent with this Court's opinions in cases such as *Department of Transportation, Bureau of Driver Licensing v. Perruso,* 160 Pa.Commonwealth Ct. 49, 634 A.2d 692 (1993), *petition for allowance of appeal denied,* 538 Pa. 650, 647 A.2d 904 (1994), and *Heisterkamp v. Department of Transportation, Bureau of Driver Licensing,* 165 Pa.Commonwealth Ct. 128, 644 A.2d 262, *petition for allowance of appeal denied,* 539 Pa. 670, 652 A.2d 840 (1994).

*allowance of appeal denied,* 521 Pa. 607, 555 A.2d 117 (1988).

1. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(m).

2. Because the original record of this case was apparently misplaced, the parties have filed an "agreed statement" of the facts of the record.

3. We note that Section 13(m) was repealed by the Act of June 28, 1993, P.L. 137, and its provisions added to the Vehicle Code by amendment in Section 1532(c). 75 Pa. C.S. § 1532(c). Section 1532(c), remains substantially the same but now requires a six-month suspension for a first offense conviction.

However, our Supreme Court has recently revisited the recidivist statute in *Commonwealth v. Williams*, 539 Pa. 249, 652 A.2d 283 (1994), wherein that court stated:

Appellant argues primarily that the purposes, policy, and philosophy underlying the recidivist sentence enhancement statutes cannot be applied unless the second offense is committed after conviction for the first.... The theme of these cases is that the 'point of sentence enhancement is to punish more severely offenders who have persevered in criminal activity despite the theoretically beneficial effects of penal discipline.' [*Commonwealth v.] Dickerson*, 533 Pa. [294,] 299, 621 A.2d [990,] 992 [ (1993) ].... This view, often referred to as the 'recidivist philosophy,' is a valid policy. It was applied in *Dickerson*, supra, a case interpreting a different recidivist sentencing statute, to aid in resolving an ambiguity in the statute. All of the cases cited by appellant utilized the 'recidivist philosophy' to construe recidivist sentence enhancement statutes which were ambiguous as to whether a prior conviction must have preceded *commission* of the second offense or whether the prior conviction merely must have preceded *sentencing* for the later offense. In other words, the philosophy is a valid tool in interpreting ambiguous statutory language.

The 'recidivist philosophy,' however, is not a constitutional principle or mandate, and the legislature is therefore free to reject or replace it when enacting recidivist sentencing legislation. If the legislature enacts a statute which clearly expresses a different application, the 'recidivist philosophy' possesses no authority which would override clearly contrary statutory language.

*Id.* at 250, 652 A.2d at 284–85 (emphasis in original) (citations omitted).

With this in mind, we now turn to consideration of Section 13(m) of the Drug Act. In *Perruso*, the licensee was charged with two counts of violating the Drug Act which arose from a single incident during one day. He pled guilty and was sentenced on both counts at the same time. We determined that Section 13(m) is recidivist in nature and that where multiple convictions of the Drug Act arise from a single act, and the person has no prior drug convictions, the enhancement provisions of Section 13(m) do not apply. Thus, the licensee in *Perruso* was only subject to a ninety-day suspension for a first offense only. Subsequent decisions in *Department of Transportation, Bureau of Driver Licensing v. Hardy*, 160 Pa.Commonwealth Ct. 427, 635 A.2d 230 (1993), and *Heisterkamp* have expanded the concept of a "single act" which gives rise to a first offense, to include offenses which involve identical factual scenarios perpetrated on different days, that result in multiple identical Drug Act convictions. These holdings were founded upon the conception that recidivist penalty statutes preclude the imposition of more than one penalty.

However, as we are reminded by *Williams*, the "recidivist philosophy" is not to be exalted over the plain language of the statute. As the Supreme Court recognized in *Plowman v. Department of Transportation, Bureau of Driver Licensing*, 535 Pa. 314, 635 A.2d 124 (1993), Section 13(m), in addition to serving a rehabilitative goal for the offender, also serves a broader goal of general deterrence:

In fact, a first offense may merit nothing more than a small fine. As such, the prospect of losing one's driver's license may deter a potential drug user from committing that first drug offense. At least, that potential user may consider the loss of his/her license and its effect on employment and transportation prior to committing a drug offense.

*Id.* at 320, 635 A.2d at 127. Thus, even though the *enhancement* effect of Section 13(m) may not be used to punish a second offense which is committed before conviction of the first offense, the language of the statute nevertheless requires the imposition of multiple suspensions. Section 13(m)(3) of the Drug Act. Further, the statute *requires* the imposition of a suspension "upon conviction for a violation of this act;" therefore,

*each* conviction arising from a separate act must merit some punishment.

■ Therefore, we now hold that when a second offense is committed [4] before the conviction occurs on the first offense, or the final judgement of conviction for multiple offenses occurs at the same time, and, the licensee does not have other extant drug convictions, all convictions will be deemed to be "first offenses" mandating separate and consecutive terms of suspension. Since the General Assembly deemed the collateral civil penalty of the suspension of operating privileges of such importance as to make a suspension mandatory, *see Plowman,* we can not imagine that the General Assembly intended that a licensee should escape the consequences of his multiple violations simply because he received his final judgment of conviction for the separate and distinct multiple offenses on the same day. Therefore, each and every violation will carry its own "first offense" mandatory suspension of ninety days.

The language used in Section 13(m) of the Drug Act is distinct from the language of Section 3731(e) of the Vehicle Code, 75 Pa. C.S. § 3731(e), which was analyzed by the Superior Court in *Commonwealth v. Tobin,* 411 Pa. Superior Ct. 460, 601 A.2d 1258 (1992), *affirmed,* 533 Pa. 322, 623 A.2d 814 (1993) *(per curiam ).* In that case, Tobin pled guilty to two offenses of driving under the influence which had occurred seven months apart. Section 3731(e) of the Vehicle Code provides that a person convicted of driving under the influence is subject to thirty days of imprisonment "if the person has *previously been convicted* of an offense ... within the previous seven years." (Emphasis added.) The Superior Court held that since Tobin committed his second offense before being convicted of the first, the enhancement for a second offense could not be applied. This conclusion was reached relying on *Commonwealth v. Kimmel,* 523 Pa. 107, 565 A.2d 426 (1989), which held that the sentencing court must utilize the date that the second offense was committed as the "anchor date"

when determining whether the defendant had a previous conviction.

In contrast, Section 13(m) of the Drug Act does not require a "previous" conviction before *a* penalty must be imposed; instead, the section provides for the imposition of a penalty "upon conviction." Therefore, even though *increased* penalties may not be imposed at the same time, *Perruso,* the language clearly allows for the imposition of *some* penalty for *each* offense.

■ In this case Licensee was convicted of two violations of the Drug Act. There is no evidence in the record that the two violations, which occurred ten months apart, were part of a single criminal scheme or episode. Therefore, it is appropriate to impose a penalty for each of these convictions as deemed "first offenses" requiring two ninety-day suspensions. These suspensions must be served consecutively pursuant to Section 13(m)(3).

In light of the above, the order of the trial court [5] in affirming the one-year and ninety-day suspension of Licensee's license must be reversed and modified. Accordingly, the trial court's order is reversed and the suspension imposed by the Department of Transportation on Licensee is modified to two consecutive ninety-day suspensions of his driver's license.

### ORDER

NOW, August 9, 1995, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is reversed. The suspension imposed on Kirk Brosius by the Department of Transportation is hereby modified to reflect two consecutive ninety-day suspensions of his driver's license.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. I agree with the Majority that the sentence enhancement provisions of Section 13(m) of the Controlled Substance, Drug, Device and Cosmetic Act

---

4. Obviously, the licensee must be convicted of the second offense before any penalty for it may be imposed. *Perruso.*

5. We note that when the trial court issued its opinion on March 3, 1993, the trial judge did not ahve the benefit of the decisions in *Plowman, Williams* and *Heisterkamp.*

(Drug Act)[1] do not apply here;[2] however, unlike the Majority, I do not believe that the record in this case supports the imposition of a 90–day suspension for each of Brosius' (Licensee) convictions.

According to the Majority, "[t]here is no evidence in the record that [Licensee's] two violations, *which occurred ten months apart,* were part of a single criminal scheme or episode. Therefore, it is appropriate to impose a penalty for each of these convictions...." (Majority op. at 8.) (Emphasis added.) I cannot accept the Majority's rationale for assessing a separate penalty for each violation.

Unfortunately, the original record in this case was misplaced and, as a result, we must rely upon an Agreed Statement of Record. With regard to the date of Licensee's first violation of the Drug Act, the Agreed Statement of Record states:

1. On January 6, 1992, Kirk A. Brosius was arrested in Westmoreland County and charged with violating ... [the Drug Act] ... by possessing a controlled substance on *January* 2, 1991, and again on October 3, 1991.

2. On September 18, 1992, Kirk A. Brosius was convicted ... of two counts of violating 35 P.S. § 780–113(a)(16), one count for possessing a controlled substance on *January* 2, 1991, and one count for possessing a controlled substance on October 3, 1991.

(Agreed Statement of Record, paras. 1–2.) (Emphasis added.) However, the January 2 date given in the Agreed Statement of Record conflicts with the date given by *both* parties in their briefs to this court. These briefs indicate quite clearly that Licensee's first violation occurred on *October* 2, 1991, *not January* 2, 1991. (Licensee's Brief at 4, 8; Department of Transportation Brief at 2–3, 5–7, 17, 19, 23.) If, for whatever reason, the Agreed Statement of Record is incorrect and Licensee's first violation occurred on October 2, 1991, then, contrary to the Majority's assertion, the two violations occurred within one day of each other, not ten months apart. This would negate the Majority's rationale for imposing a separate penalty for each of the convictions.

When a licensee violates the Drug Act on different days, if the violations arise from one episode, i.e., the same actions on different days, and the licensee has no prior convictions under the Drug Act, multiple convictions arising from a continuous criminal scheme or a single criminal episode constitute a first offense under Section 13(m) of the Drug Act. *Heisterkamp v. Department of Transportation, Bureau of Driver Licensing,* 165 Pa.Commonwealth Ct. 128, 644 A.2d 262, *appeal denied,* 539 Pa. 670, 652 A.2d 840 (1994). That is precisely the case here. Indeed, in its brief, the Department acknowledges that under *Heisterkamp,* Licensee would prevail.[3]

For these reasons, then, I would reverse the order of the trial court and remand this case for verification of the October 2, 1991 date.

---

**1.** Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(m).

**2.** Section 13(m) of the Drug Act is a sentencing enhancement provision, providing enhanced penalties for individuals with a propensity to commit repeated offenses of the same type. The purpose of such recidivist statutes is to deter offenders from repeating the criminal behavior which led to a prior conviction; however, until an offender has been convicted, the deterrent effect of an enhancement statute is not activated because only after the first conviction is the offender aware that further offending behavior will lead to more severe penalties. *Department of Transportation, Bureau of Driver Licensing v. Perruso,* 160

Pa.Commonwealth Ct. 49, 634 A.2d 692 (1993), *appeal denied,* 538 Pa. 650, 647 A.2d 904 (1994).

**3.** In its brief, the Department stated: "The Department recognizes that this Court's holding in *Heisterkamp,* if followed in this case, supports Brosius' position that he is subject to only a single suspension for his two Drug Act convictions." (Department Brief at 21–22.) The Department also noted that it had appealed our *Heisterkamp* decision to the Pennsylvania Supreme Court which, at the time, had not yet issued a ruling. (Department Brief at 8.) Since then, however, our Supreme Court has denied the Department's appeal.