**Thomas R. WEST, Jr., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 11, 1996.

Decided Nov. 22, 1996.

Ralph D. Karsh, Pittsburgh, for Appellant.

Barbara A. Darkes, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In–Charge, Harrisburg, for Appellee.

Before COLINS, President Judge, PELLEGRINI, J., and KELTON, Senior Judge.

COLINS, President Judge.

Thomas R. West, Jr. appeals the order of the Court of Common Pleas of Allegheny County dismissing his appeal of an order of the Secretary of Transportation revoking his operator's license for a period of five years after being classified under 75 Pa.C.S. § 1542 as a habitual offender. We affirm.

The facts are not in dispute. West's driving record reveals that within a five-year period, West received three convictions for three separate violations of 75 Pa.C.S. § 3731 (driving while under the influence of alcohol

or a controlled substance). As a result of these convictions, the Department of Transportation (Department) notified West that he had been placed in habitual offender status and accordingly revoked his operator's license for a period of five years pursuant to 75 Pa.C.S. § 1542. Section 1542 provides in relevant part as follows:

> **§ 1542. Revocation of habitual offender's license**
>
> **(a) General rule.**—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.
>
> **(b) Offenses enumerated.**—Three convictions arising from separate acts of any one or more of the following offenses committed by any person shall result in such person being designated as a habitual offender:
>
> (1) Any violation of Subchapter B of Chapter 37 (relating to serious traffic offenses)....[1]
>
> **(d) Period of revocation.**—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years....

█ West appealed the notice of revocation to the Allegheny County Court of Common Pleas, which dismissed the appeal following a *de novo* hearing. This appeal followed, wherein West does not dispute the accuracy of his driving record, but argues only that because his third offense occurred prior to his conviction on his second offense, he cannot be penalized as a three-time offender under Section 1542.[2]

West's argument is based on an interpretation of Section 1542 that is simply insupportable. West first states that Section 1542 is "recidivist in nature," as noted by our Supreme Court in *Frontini v. Department of Transportation,* 527 Pa. 448, 451, 593 A.2d 410, 412 (1991). As such, West argues, the emphasis of interpretation of Section 1542 must be upon the deterrent nature of the enhanced penalty provisions for repeat offenders rather than on a literal reading of the statute. According to West, an offender must be given an opportunity to reform following a conviction before the enhanced penalties can be implemented, otherwise the deterrent effect of these penalties is rendered nonexistent. Therefore, West argues, one may not be penalized for a subsequent offense under a recidivist statute unless one is first convicted of the initial offense. Only a conviction can serve notice under such statutes that *any further offenses* will result in enhanced penalties.

To support this argument, West cites a recent amendment to Section 1542 that removed from subsection (b) language suggesting that the three convictions required for the imposition of the five-year revocation could arise from a single act.[3] West also cites a series of cases decided by this Court which interpret Section 13(m) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[4]

Section 13(m) authorizes the Department to suspend the operating privileges of persons convicted for violations of the Drug Act, with the length of each suspension contingent upon the number of offenses committed by the operator. This Court determined that when a second Drug Act offense is committed before the operator is convicted of the first Drug Act offense, the conviction on the

---

**1.** 75 Pa.C.S. § 3731 is found at Subchapter B of Chapter 37.

**2.** This Court's scope of review is limited to determining whether the common pleas court committed an error of law or abused its discretion and whether all necessary findings of fact are supported by competent evidence. *Common-* *wealth v. Danforth,* 530 Pa. 327, 608 A.2d 1044 (1992).

**3.** West was convicted for the three offenses prior to the implementation of this amendment.

**4.** Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(m).

second offense must be considered a "first offense" under Section 13(m) for determination of length of license suspension. *See Brosius v. Department of Transportation,* 664 A.2d 199 (Pa.Cmwlth.1995); *Department of Transportation v. Perruso,* 160 Pa. Cmwlth. 49, 634 A.2d 692 (1993), *appeal denied,* 538 Pa. 650, 647 A.2d 904 (1994). In these cases, we focused upon the legislative intent apparent in Section 13(m), which intent was to deter offenders from repeating their criminal behavior by making them aware that further convictions would lead to progressively greater penalties. Thus, we reasoned, penalty enhancement under Section 13(m) would not serve to deter an offender until he had first been convicted; therefore, any additional offense that occurs prior to a conviction on an initial offense would not be subject to penalty enhancement because the deterrent effect envisioned by the legislature would not be present. *Id.* Our focus on legislative intent arose, however, from the inherent ambiguities of the language of Section 13(m) itself. *See Perruso,* 634 A.2d at 695.

▮ By contrast, Section 1542 contains no ambiguity. Its language is clear and allows the Department no discretion in imposing a license revocation when an operator meets the very plainly described criteria for a habitual offender. This clarity of language and purpose has been noted by our Supreme Court:

> Under Section 1542 of the Vehicle Code ... DOT is *required* to revoke the operating privilege of *any* person whose driving record meets criteria defining a habitual offender. Revocation is mandatory, not discretionary.... Given three convictions within the prescribed time period, revocation [is] required.

*Commonwealth v. Bursick,* 526 Pa. 6, 11, 584 A.2d 291, 293–94 (1990) (emphasis in original). Moreover, even where legislation demonstrates a "recidivist philosophy," that philosophy cannot "be exalted over the plain language of the statute." *Brosius,* 664 A.2d at 201. "Where there is no ambiguity, there is no room for interpretation." *Commonwealth v. Williams,* 539 Pa. 249, 253, 652 A.2d 283, 285 (1994).

Therefore, this Court's interpretation of Section 13(m) of the Drug Act has no bearing upon the issue at hand; neither does the recent amendment to Section 1542. Given West's three convictions for three unconnected violations of 75 Pa.C.S. § 3731 within a five-year period, the Department's duty under Section 1542 could not be plainer: it is mandated to revoke West's license for a period of five years.

Accordingly, the order of the Court of Common Pleas of Allegheny County is affirmed.

### ORDER

AND NOW, this 22nd day of November, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.