## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sarah Martini,                     :

             Appellant     :

                     :

        v.              :

                     :

Commonwealth of Pennsylvania,  :

Department of Transportation,   :   No. 969 C.D. 2016

Bureau of Driver Licensing     :   Submitted: November 18, 2016

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE DAN PELLEGRINI,  Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: February 14, 2017

Sarah Martini (Licensee) appeals from the Dauphin County Common Pleas Court's (trial court) May 18, 2016 order dismissing her appeal and reinstating the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's (Department) operating privilege suspension. The sole issue before this Court is whether the trial court erred by holding that Licensee's 2010 violations for driving under the influence of alcohol or a controlled substance (DUI) under Section 3802(a)(1) of the Vehicle Code,[1] and leaving the scene of an accident involving damage under Section 3743 of the Vehicle Code[2] (Leaving the Scene), were "separate

---

[1] 75 Pa.C.S. § 3802(a)(1). Section 3802(a)(1) of the Vehicle Code prohibits driving under the influence of alcohol "after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." *Id.*

[2] 75 Pa.C.S. § 3743. Section 3743 of the Vehicle Code provides:

acts" which, along with Licensee's subsequent 2014 violation of Section 3802(c) of the Vehicle Code for DUI – highest rate of alcohol,[3] mandated a five-year suspension of her driver's license pursuant to Section 1542 of the Vehicle Code.[4]  After review, we affirm.

> **(a)  General rule.--**The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of [S]ection 3744 [of the Vehicle Code] (relating to duty to give information and render aid).  Every stop shall be made without obstructing traffic more than is necessary.
>
> **(b)   Penalty.**--Any person violating this section commits a misdemeanor of the third degree, punishable by a fine of $2,500 or imprisonment for not more than one year, or both.

75 Pa.C.S. § 3743.

[3] 75 Pa.C.S. § 3802(c).  Section 3802(c) of the Vehicle Code prohibits driving under the influence of alcohol "after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." *Id*.

[4] 75 Pa.C.S. § 1542.  Section 1542 of the Vehicle Code states, in relevant part:

> **(a)   General  rule.--** The  [D]epartment  shall  revoke  the  operating privilege of any person found to be a habitual offender pursuant to the provisions of this section.  A 'habitual offender' shall be any person whose driving record, as maintained in the [D]epartment, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.
>
> **(b)  Offenses enumerated.--** Three convictions arising from separate acts of any one or more of the following offenses committed by any person  shall  result  in  such  person  being  designated  as  a  habitual offender:
>
> > (1)  Any violation of Subchapter B of Chapter 37 (relating to serious traffic offenses).

2

On December 3, 2010,[5] Licensee was involved in an incident for which she was convicted of DUI, and Leaving the Scene on November 23, 2011. Licensee was again arrested for DUI on March 30, 2014, and was convicted thereof on October 8, 2014.

By October 30, 2014 letter, the Department notified Licensee that she had been designated a habitual offender because she had been convicted of three specified Vehicle Code violations within a five-year period and, as a result, her operating privileges were suspended for five years. On November 18, 2014, Licensee appealed from the suspension to the trial court. The trial court held a hearing on July 30, 2015. On May 18, 2016, the trial court dismissed Licensee's appeal because Licensee's December 3, 2010 violations were separate and distinct offenses resultant in Licensee accumulating the requisite three convictions within five years under Section 1542 of the Vehicle Code. Licensee appealed to this Court.[6]

---

(1.1) Any violation of Chapter 38 (relating to driving after imbibing alcohol or utilizing drugs) except for [S]ections 3808(a)(1) and (b) [of the Vehicle Code] (relating to illegally operating a motor vehicle not equipped with ignition interlock) and 3809 [of the Vehicle Code] (relating to restriction on alcoholic beverages).

. . . .

(4) Any violation of [S]ection 3743 [of the Vehicle Code] (relating to accidents involving damage to attended vehicle or property).

75 Pa.C.S. § 1542.

[5] Although the conviction report for leaving the scene of an accident references a violation date of December 2, 2010, Licensee asserts, and the Department does not contest, that both convictions arose from the same incident which occurred on December 3, 2010.

[6] Our scope of review in reviewing an appeal of a license suspension by the Department after a *de novo* hearing by the trial court is limited to whether constitutional rights were violated or whether the trial court abused its discretion or committed an error of law. As no material facts are in dispute in the instant appeal . . . , only questions of law are before this Court and our scope of review is plenary.

Licensee argues that her

> DUI and [Leaving the Scene] are inseparably a part of the same act. She was committing the DUI before, during and after the commission of [Leaving the Scene], meaning that each of those charges cannot be used to characterize [Licensee] as a repeat offender.

Licensee's Br. at 4. We disagree.

In support of her position, Licensee relies on *Frontini v. Department of Transportation*, 593 A.2d 410 (Pa. 1991). In that case, after the licensee's vehicle struck another vehicle, killing its three occupants, the licensee pled guilty to DUI, reckless driving and three counts of homicide by motor vehicle. Thereafter, the Department suspended the licensee's license for one year on the DUI conviction, and revoked his license for an additional year based on the first homicide by vehicle conviction. The Department then imposed an additional five-year revocation based upon the second homicide by vehicle conviction, and an additional two-year revocation for the third homicide by vehicle conviction. On appeal, the common pleas court sustained the Department's penalty imposition, and this Court affirmed, relying on *Department of Transportation, Bureau of Traffic Safety v. Frye*, 489 A.2d 984 (Pa. Cmwlth. 1985), *aff'd*, 523 A.2d 332 (Pa. 1987).[7] Our Supreme Court,

---

*Phillips v. Dep't of Transp., Bureau of Driver Licensing*, 80 A.3d 561, 566 (Pa. Cmwlth. 2013) (citation omitted).

[7] In *Frye*, this Court upheld a lower court's affirmance of a five-year suspension, and reversed the lower court's nullification of an additional two-year revocation where a licensee committed four serious Vehicle Code violations in a single night. The Court rejected the licensee's contention that the five-year revocation applies only where the applicable offenses occur "on three *separate, unconnected points in time*." *Id*. at 985. The Court further explained:

> This Court has consistently held that the five-year habitual offender revocation takes effect *whenever* there are three convictions on Section 1542(b) [of the Vehicle Code] offenses, regardless of whether these offenses are committed within a narrow time frame or on separate occasions. This line of cases is firmly grounded on the legislature's clear intent to classify as a habitual offender a driver who commits three enumerated violations 'either singularly *or in*

4

however, reversed. Noting that Section 1542 of the Vehicle Code is a recidivist statute, the Court explained:

> Recidivist statutes serve the legitimate public policy of segregating from society those persons with propensities to commit crime, who by their repeated criminal acts demonstrate their unwillingness or inability to be rehabilitated.
>
> In the present case we have an individual, who by a single act caused multiple consequences. The propriety of the multiple criminal sanctions he must suffer as a result of that act is without question. However, for the purpose of a recidivist penalty it would be unjust, and in derivation of the intent of the statute, to separate out the consequences of this one act in order to categorize this individual as a person with a propensity to commit repeated offenses. Wherefore, we find the three convictions for homicide by vehicle, having resulted from a single act, are not to be considered as separate offenses for the purpose of classifying this appellant as an habitual offender pursuant to [Section 1542 of the Vehicle Code,] 75 Pa.C.S. § 1542.

---

> *combination*' (emphasis added). Neither the common usage of the word 'habitual' nor the statements of individual legislators can supplant this unambiguous expression of the General Assembly's will.

*Frye*, 489 A.2d at 985 (citation and footnote omitted).

> On December 12, 1994, the Legislature amended subsection (b) of [Section 1542 of the Vehicle Code,] 75 Pa.C.S. § 1542, effective September 12, 1995, by deleting the 'either singularly or in combination' language. The operative phrase 'separate acts' remained part of Section 1542(b) [of the Vehicle Code]. Although the language of Section 1542(b) [of the Vehicle Code] relied upon in *Frye* was deleted, we may rely on *Frye* because it has been cited with approval in subsequent cases dealing with the interpretation of the 'separate acts' language of Section 1542(b) [of the Vehicle Code]. *See Frontini, . . .* 593 A.2d at 412 n.5[;] *Hill v. Dep*['t] *of Transp*[.]*, Bureau of Driver Licensing, . . .* 650 A.2d 1131 ([Pa. Cmwlth.] 1994).

*McGowan v. Dep't of Transp., Bureau of Driver Licensing*, 699 A.2d 1344, 1347 n.7 (Pa. Cmwlth. 1997).

*Frontini*, 593 A.2d at 412 (footnote omitted).

> Licensee argues that the *Frontini* Court's rationale mandates that her December 3, 2010 conduct be treated as a single episode, rather than as separate acts because doing so would ignore the intention of the legislature to sanction repeat offenders. The 'separate acts' language of [Section] 1542(b) [of the Vehicle Code] refers to a separation of time and space, rather than a distinction in elements, because it must be read together with [Section] 1542(a) [of the Vehicle Code] and its 'separate and distinct' language. The fact that this is a recidivist section makes that the only way it can be interpreted.

Licensee's Br. at 5.

However, the *Frontini* Court stressed that *Frye* was inapposite, stating "[w]e find the facts in the instant case to be completely distinguishable from those in *Frye*, **where the [licensee] committed a *series of separate and distinct acts* within a narrow time frame**." *Frontini*, 593 A.2d at 412 n.5 (emphasis added). *Frontini* is also distinguishable from the instant matter. In *Frontini*, one act resulted in three homicide by vehicle convictions. By contrast, Licensee here committed two different violations on December 3, 2010 that involved **separate and distinct acts**. The first involved DUI, and the second involved leaving the scene of an accident.

In *Ross v. Department of Transportation, Bureau of Driver Licensing*, 557 A.2d 62 (Pa. Cmwlth. 1989), a licensee drove an all-terrain vehicle (ATV) on public streets in the evening without lights. He was observed by a police officer who stopped him and arrested him for driving without lights and for fleeing or attempting to elude a police officer. The licensee pled guilty to the charges. The Department notified the licensee that his operating privileges would be revoked for five years since he already had committed an offense within the prior five years. The licensee appealed to the trial court which concluded that the two violations involving the ATV were separate acts. On appeal, this Court first explained:

6

> [T]he requirement that the convictions arise from 'separate acts[]' [b]asically . . . means that **although all three [Vehicle] Code violations may be committed in combination in the course of one general factual episode, the driver must also have done three completely different improper things which led to those [Vehicle] Code violations in order to be considered a habitual offender.**

*Id.* at 63 (emphasis added). This Court reviewed the subject offenses and concluded that

> [the] offense [of fleeing or attempting to elude a police officer] must involve an act other than driving without lights. Therefore, in order to be convicted of this offense, the driver must do something more than drive his vehicle without turning on the lights. This is especially evident from the added component of a *pursuing* police vehicle. This definition suggests that, despite the [licensee's] testimony, he had to be doing something to attempt *to get away from* the officer *after being signaled by him*, and was not merely attempting to drive through the neighborhood undetected. Therefore, by pleading guilty to this offense, the [licensee] admitted to committing two separate acts, and the requirements of Section 1542 [of the Vehicle Code] have been met.

*Id.* at 64.[8]

In contrast, in *Hill v. Department of Transportation, Bureau of Driver Licensing*, 650 A.2d 1131 (Pa. Cmwlth. 1994), a licensee was involved in a single incident in which the licensee struck another vehicle while driving under the influence of alcohol. The vehicle that the licensee struck, then struck a third vehicle, injuring its occupant. Licensee was convicted of: (1) leaving the scene of an accident involving death or injury; (2) leaving the scene of an accident involving damage to a vehicle; and (3) DUI. The Department suspended the licensee's license for six

---

[8] Although *Ross* was decided before *Frontini*, this Court in *McGowan v. Department of Transportation, Bureau of Driver Licensing*, 699 A.2d 1344 (Pa. Cmwlth. 1997), relied on *Ross* in reaching its decision.

months for the first conviction, one year for the second conviction, and five years for the third conviction, and designated the licensee as a habitual offender under Section 1542 of the Vehicle Code. On appeal, the licensee argued that he committed two acts, rather than three. This Court agreed, finding that the licensee committed one act when he drove while intoxicated, and one act when he left the scene of the accident. This Court explained:

> We disagree with [the Department's] assertion that two separate acts occurred when 1) [the licensee] hit one vehicle, and 2) when, a split-second later, [the licensee] pushed that vehicle into another vehicle. First, the convictions here were for leaving the scene of an accident in which one is involved. Second, we simply think [the Department's] assertion is facially too fine of a distinction, particularly in view of the statute and *Frontini.* We also conclude that the cases [the Department] cites are distinguishable. As we have stated, *Brewster* [*v. Department of Transportation,* 415 A.2d 922 (Pa. Cmwlth. 1980)] involved the argument that all offenses arising from a single *incident,* rather than act, constitute only one offense for purposes of [S]ection 1542 [of the Vehicle Code]. Moreover, the [licensee] there committed what, in contrast to this case, are arguably **three separate acts—driving under the influence of alcohol**, fleeing police and **leaving the scene of an accident involving property damage.**
>
> Similarly, the [licensee] in *Melcher v. Commonwealth, . . .* 428 A.2d 773 ([Pa. Cmwlth.] 1981) committed the acts of racing on highways, fleeing police and driving without lights to avoid identification. The Supreme Court in *Frontini* distinguished [*Frye*], stating that the [licensee] in *Frye* committed a series of separate and distinct acts within a narrow time frame. In [*Ross*], the [licensee] had a prior conviction before being convicted for what was determined, after close examination of the elements involved in each offense, to be distinct acts of driving without lights to avoid identification and fleeing a police officer. In *Weaver v. Department of Transportation, Bureau of Traffic Safety, . . .* 416 A.2d 628 ([Pa. Cmwlth.] 1980), the [licensee] committed within ten minutes the acts of [DUI], fleeing police and leaving the scene of an accident involving

8

property damage. All of these cases involve distinctions in action rather than factual result, and certainly involve greater distinctions than causing injury to a person in one car but only causing damage to another. All of these cases, except *Ross,* predate *Frontini.*

We conclude that the two convictions in this case based on the act of leaving the scene of an accident are directly analogous to the situation in *Frontini,* wherein the [licensee], with one act, committed three counts of homicide by motor vehicle and received three convictions and three sentences thereon.

*Hill*, 650 A.2d at 1134 (emphasis added; footnote omitted).

Here, consistent with *Hill's* discussion of *Brewster*, Licensee committed "separate acts—[DUI], . . . and leaving the scene of an accident involving property damage." *Hill*, 650 A.2d. at 1134. Licensee drove while intoxicated and was involved in an accident. Then, in a separate action, she left the scene of the accident. She was charged and convicted accordingly. Because these are "separate and distinct offenses" arising from separate and independent acts, the Department and the trial court appropriately treated them as such. 75 Pa.C.S. § 1542.

We reject Licensee's argument that the recidivist nature of the statute should override the statute's plain language. The same contention was explicitly rebuffed in *West v. Department of Transportation, Bureau of Driver Licensing*, 685 A.2d 649 (Pa. Cmwlth. 1996), wherein this Court explained:

Section 1542 [of the Vehicle Code] contains no ambiguity. Its language is clear and allows the Department no discretion in imposing a license revocation when an operator meets the very plainly described criteria for a habitual offender. This clarity of language and purpose has been noted by our Supreme Court:

Under Section 1542 of the Vehicle Code . . . [the Department] is *required* to revoke the operating privilege of *any* person whose driving record meets criteria defining a habitual offender. Revocation is mandatory,

9

> not discretionary. . . .  Given three convictions within the prescribed time period, revocation [is] required.
>
> *Commonwealth v. Bursick,* . . . 584 A.2d 291, 293-94 ([Pa.] 1990) (emphasis in original).  Moreover, **even where legislation demonstrates a 'recidivist philosophy,' that philosophy cannot 'be exalted over the plain language of the statute.'** *Brosius* [*v. Dep't of Transp., Bureau of Driver Licensing*]*,* 664 A.2d [199,] 201 [(Pa. Cmwlth. 1995)]. 'Where there is no ambiguity, there is no room for interpretation.' *Commonwealth v. Williams,* . . . 652 A.2d 283, 285 ([Pa.] 1994).

*West*, 685 A.2d at 651 (bold emphasis added); *see also Deliman v. Dep't of Transp., Bureau of Driver Licensing*, 718 A.2d 388 (Pa. Cmwlth. 1998).[9]

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[9] Although the incidents in *West* and *Deliman* are factually distinguishable, the rationale is applicable since the statutory language is clear.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sarah Martini,                                     :
                        Appellant                  :
                                                   :
            v.                                     :
                                                   :
Commonwealth of Pennsylvania,                      :
Department of Transportation,                      :     No. 969 C.D. 2016
Bureau of Driver Licensing                         :


# O R D E R


AND NOW, this 14th day of February, 2017, the Dauphin County Common Pleas Court's May 18, 2016 order is affirmed.


_____
ANNE E. COVEY, Judge