Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Joseph Martin Frye, Appellee.

Joseph M. Frye, Appellant v. Commonwealth of Pennsylvania, Appellee.

Argued January 30, 1985, before President Judge CRUMLISH and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Glenn R. Davis,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant/appellee, Commonwealth of Pennsylvania.

*John Adam Matlawski,* with him, *Jane G. Penny* and *Smith B. Gephart, Killian & Gephart,* for appellee/appellant, Joseph Martin Frye.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 26, 1985:

Joseph Frye and the Department of Transportation (DOT) cross appeal a Dauphin County Common Pleas Court order. We affirm the five-year license revocation; we reverse the nullification of an additional two-year revocation.

In a single night, Frye committed four serious violations of the Vehicle Code.[1] Upon his conviction

---

[1] 75 Pa. C. S. §§101-8122. Frye was charged with:

(1) driving under the influence of alcohol (Section 3731, 75 Pa. C. S. §3731);

on these offenses, DOT revoked Frye's driver's license for consecutive terms of six months, six months,[2] five years, and two years. The latter revocations of five years and two years were ordered pursuant to Section 1542 of the Code.[3] The Common Pleas Court dis-

---

(2) failing to stop at the scene of an accident involving damage to an attended vehicle or other property (Section 3743, 75 Pa. C. S. §3743);

(3) driving without lights to avoid identification or arrest (Section 3734, 75 Pa. C. S. §3734); and

(4) fleeing or attempting to elude a police officer (Section 3733, 75 Pa. C. S. §3733).

[2] The two six-month suspensions were issued under Section 1532(b) of the Code, 75 Pa. C. S. §7532(b), for the violations of Sections 3731 and 3743. Frye did not contest these suspensions.

[3] 75 Pa. C. S. §1542. This section provides, in relevant part:
Revocation of habitual offender's license

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

. (b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a . habitual offender:

(1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).

. . . .

(d) Period of revocation.—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

(e) Additional Offenses.—Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years.

missed Frye's appeal of the five-year revocation but sustained his appeal of the additional two-year revocation.

In his appeal to this Court, Frye contends that the five-year revocation for habitual traffic offenders only takes effect when a driver has committed offenses enumerated in Section 1542(b) of the Code[4] on three *separate, unconnected points in time.* He thus claims immunity from this revocation because his violations all occurred on one evening. We find no merit in this argument.

This Court has consistently held that the five-year habitual offender revocation takes effect *whenever* there are three convictions on Section 1542(b) offenses, regardless of whether these offenses are committed within a narrow time frame or on separate occasions. *See, e.g., Melcher v. Commonwealth,* 58 Pa. Commonwealth Ct. 634, 428 A.2d 773 (1981). This line of cases is firmly grounded on the legislature's clear intent to classify as a habitual offender a driver who commits three enumerated violations "either singularly *or in combination*" (emphasis added).[5] Neither the common usage of the word "habitual" nor the statements of individual legislators can supplant this unambiguous expression of the General Assembly's will. *See Department of Transportation, Bureau of Traffic Safety v. Auman,* 59 Pa. Commonwealth Ct. 468, 430 A.2d 373 (1981).

In its appeal now before us, DOT contends that the Common Pleas Court erred in sustaining Frye's challenge to the additional two-year revocation under Section 1542(e). We agree.

---

[4] Because all of Frye's violations, as listed in footnote 1, are set forth in Section 1532(b), they come within subsection (1) of Section 1542(b).

[5] 75 Pa. C. S. §1542(b).

· The court below relied on its earlier decision in *Commonwealth v. Orwan,* 103 Dauph. 169 (C.P. Pa. 1981).[6] The Dauphin County Common Pleas Court in *Orwan* held that a driver is only subject to the additional two-year suspension for a fourth offense when, at the time he commits it, he has already been convicted on three other Section 1542(b) offenses. The court's rationale was that since the two-year revocation is added on to the five-year revocation, and since the latter revocation requires convictions on three offenses, Section 1542(e) is only triggered by conduct occurring *after* these convictions.

While such deductive reasoning might be appropriate if the statute's language failed to unequivocally communicate the legislative design, we do not face that situation. Section 1542(e) plainly mandates a two-year revocation whenever "[a]ny additional offense [is] committed within a period of five years.'"[7] Since Section 1542's overall purpose is to penalize those who repeatedly transgress the motor vehicle law over a five-year period of time, subsection (e) serves to impose an increased sanction on a driver whose rate of offenses over this period exceeds that required for the five-year revocation.

The legislature has authorized a five-year revocation when three enumerated offenses are perpetrated, whether singularly or in combination, within five years of one another. *Melcher.* Section 1542(e) being devoid of any language evidencing a contrary intent, we hold that a fourth offense committed at *any time* within the same five-year period, whether or not preceded by prior convictions on the other violations, subjects one to a supplemental two-year revocation of operat-

---

[6] *Orwan* is on appeal to this Court but has yet to be heard at oral argument.

[7] 75 Pa. C. S. §1542(e).

ing privileges. Therefore, Frye's license was properly revoked for an additional two years.

Affirmed in part; reversed in part.

ORDER

The order of the Dauphin County Common Pleas Court, No. 2468 S 1982 dated September 7, 1982, is affirmed as to the five-year license revocation and reversed as to the additional two-year license revocation. The order of the Bureau of Traffic Safety dated June 22, 1982, imposing an additional two-year license revocation is reinstated.

Judge COLINS dissents.

Judge WILLIAMS, JR., did not participate in the decision in this case.