## Smeal License Suspension

*Thomas J. Hines, assistant counsel,* for PennDOT.

*Douglas C. Maloney,* for appellant.

BIEHN, *J.,* March 11, 1988 — Petitioner appealed to this court from the revocation of his driver's license for an additional period of two years by the Department of Transportation under section 1542(e) of the Motor Vehicle Code, revocation of habitual offender's license. 75 Pa.C.S. §1542. This revocation was the result of petitioner's conviction on December 22, 1986 of violating section 3742, accidents involving death or personal injury, on July 30, 1986. 75 Pa.C.S. §3742.

Under section 1542, the operating privileges of any person found to be a habitual offender shall be revoked for a period of five years. Under subsection (e), any additional offense committed within a period of five years shall result in a revocation for an additional period of two years.

According to petitioner, the records of the Department of Transportation indicate that he has two prior major offenses, the instant violation being the third. Therefore, the instant violation does not constitute an additional offense under subsection (e).

Section 1542(e) requires, petitioner argues, at least four offenses within a period of five years.

What petitioner's record shows is the following. On December 22, 1986, petitioner was convicted of violating sections 3731, driving under the influence of alcohol or a controlled substance, 3742, accidents involving death or personal injury, and 3743, accidents involving damage to attended vehicle or property. These three violations all occurred on the same date, July 30, 1986. His license was revoked for five years as a habitual offender as a result of the convictions under sections 3731 and 3743 and a prior conviction under section 3743 for a violation which occurred on May 12, 1983. He then received the additional two-year revocation for his conviction under section 3742.

Under section 1542, three convictions arising from *separate acts* of any one or more of the listed offenses committed *either singularly or in combination* by any person shall result in that person being designated a habitual offender. 75 Pa.C.S. §1542(b). To support its position that petitioner is a habitual offender who committed an additional offense within a five-year period, the commonwealth has relied on *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Frye*, 88 Pa. Commw. 380, 489 A.2d 984 (1985), affirmed 514 Pa. 219, 523 A.2d 332 (1987).

In *Frye*, appellant committed four violations of the Vehicle Code in a single night: driving under the influence of alcohol, failing to stop at the scene of an accident involving damage to an attended vehicle or other property, driving without lights to avoid identification or arrest and fleeing or attempting to elude a police officer.

The court held the following:

"This court has consistently held that the five-

year habitual offender revocation takes effect whenever there are three convictions on section 1542(b) offenses, regardless of whether these offenses are committed within a narrow time frame or on separate occasions. This line of cases is firmly grounded on the legislature's clear intent to classify as a habitual offender a driver who commits three enumerated violations 'either singularly *or in combination.*' Neither the common usage of the word "habitual" nor the statements of individual legislators can supplant this unambiguous expression of the General Assembly's will." *Frye,* at 383, 489 A.2d at 985. (citation omitted) (footnote omitted) (emphasis supplied)

The court then considered the question of whether or not section 1542(e) is only triggered by conduct occurring *after convictions* on the first three offenses. The lower court in *Frye* had held that it was. The Commonwealth Court, however, stated the following:

"While such deductive reasoning might be appropriate if the statute's language failed to unequivocally communicate the legislative design, we do not face that situation. Section 1542(e) plainly mandates a two-year revocation whenever "[a]ny additional offense [is] committed within a period of five years. Since section 1542's overall purpose is to penalize those who repeatedly transgress the motor vehicle law over a five-year period of time, subsection (e) serves to impose an increased sanction on a driver whose rate of offenses over this period exceeds that required for the five-year revocation.

"The legislature has authorized a five-year revocation when three enumerated offenses are perpetrated, whether singularly or in combination, within five years of one another. Section 1542(e) being devoid of any language evidencing a contrary in-

tent, we hold that a fourth offense committed at *any time* within the same five-year period, whether or not preceded by prior convictions on the other violations, subjects one to a supplemental two-year revocation of operating privileges. Therefore, Frye's license was properly revoked for an additional two years." *Frye* at 384-5, 489 A.2d at 986. (citations omitted) (footnote omitted)

This court, however, does not find *Frye* dispositive of the issue before it. The question here is not whether the offenses were committed singularly or in combination nor whether the fourth was committed before or after convictions on the first three. The question is whether one act, the striking of a vehicle, can give rise to two violations (section 3742, accidents involving death or personal injury and section 3743, accidents involving damage to attended vehicle or property) for purposes of the habitual offender provision. We find that it cannot. Section 1542(b) clearly states, "Three convictions arising from *separate acts* of any one or more of the following offenses committed either singularly or in combination . . ." 75 Pa.C.S. §1542. (emphasis supplied) Under the instant fact pattern, two convictions stem from a single act and therefore, this act cannot be counted twice towards designation as a habitual offender or as an additional offense under section 1542(e).

Accordingly, the following order is entered.

## ORDER

And now, March 11, 1988 after hearing, petitioner's appeal is granted and the order of the Pennsylvania Department of Transportation revoking petitioner's operation privilege for an additional two years is reversed.