593 A.2d 410

**Michael R. FRONTINI, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 4, 1991.

Decided July 12, 1991.

David H. Acker, New Castle, for appellant.

John Heaton, Dept. of Transp., Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question before the Court is whether a driver can be classified as an habitual offender [1] under the motor vehicle code, as the consequence of a single act, which resulted in his conviction in criminal court for three counts of homicide by motor vehicle.[2] We find that as the three convictions arose from a single act, they cannot be counted as separate offenses for the purpose of imposing penalties under the habitual offender statute. Accordingly, the decision of the Commonwealth Court is reversed.

**1.** An Habitual Offender is defined in the Pennsylvania Vehicle Code at 75 P.S. § 1542.

**2.** *See* 75 P.S. § 3732.

The underlying facts of this case can be simply stated. On August 31, 1985, the automobile operated by appellant, Michael Frontini, struck another vehicle, killing three of the occupants in the second vehicle. Subsequently, appellant was charged with and pled guilty to driving under the influence of alcohol or a controlled substance,[3] reckless driving[4] and three counts of homicide by motor vehicle. Appellant was sentenced on September 2, 1986 to eleven and one half to twenty three months imprisonment for driving under the influence (DUI), and eleven and one half to twenty three months for each count of homicide by vehicle. The three homicide by vehicle sentences were to be served concurrently with each other and consecutive to the DUI sentence.

Following the imposition of sentence, notice of appellant's convictions were forwarded to the Pennsylvania Department of Transportation (DOT) for further action pursuant to 75 Pa.C.S. § 1531. That section requires DOT to maintain records of every licensed Pennsylvania driver's convictions for offenses which are punishable under the motor vehicle code by suspension or revocation. DOT suspended appellants license for one year on the DUI conviction under 75 Pa.C.S. § 1532(b), and revoked his license for an additional year under 75 Pa.C.S. § 1532(a), for the first homicide by vehicle conviction. Then DOT imposed a five year revocation on the basis of the second homicide by vehicle conviction, by classifying appellant as a habitual offender pursuant to 75 Pa.C.S. § 1542(a). An additional two year revocation was imposed for the third conviction of homicide by vehicle under 75 Pa.C.S. § 1542(e). The suspension and revocations were all to run in consecutive sequence.

On appeal to the Court of Common Pleas of Lawrence County, DOT's imposition of penalties were sustained. The Commonwealth Court affirmed the order of the lower Court in a memorandum opinion. —— Pa.Cmwlth. ——, 553 A.2d 540. This Court granted the petition for allowance of

3. 75 Pa.C.S. § 3731(a)(4).
4. 75 Pa.C.S. § 3714.

appeal, to address the issue of appellant's designation as an habitual offender, where the convictions accumulated by appellant to achieve that status arose from a single act.

The relevant section of the statute regarding habitual offenders, provides:

### § 1542.   Revocation of habitual offender's license

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section.  A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

■   The specific question under review is whether the appellant's three convictions for homicide by vehicle are *separate acts* as contemplated by the language of subsection (b) of the statute.  Whenever a court attempts to ascertain the meaning of certain language within a statute, its goal is to effectuate the intent of the Legislature.  *See,* 1 Pa.C.S. § 1921.

The apparent thrust of the habitual offender statute is to punish persons who make a "habit" of violating the more serious provisions of the vehicle code, thus causing themselves to be a menace to the other licensed drivers in Pennsylvania.  Thus, the habitual offender statute is recidivist in nature, concerning itself with the number of prior acts committed by the offender, as opposed to the multiple consequences of any one act.  The habitual offender statute is consistent in purpose with the recidivist provisions of the sentencing code at 42 Pa.C.S. § 9714, and with the succes-

sive grading provisions of the retail theft statute at 18 Pa.C.S. § 3929(b).

Section 9714 of the sentencing code is entitled "sentences for second and subsequent offenses." It provides for a mandatory minimum sentence of five years imprisonment for persons convicted of two or more, specifically designated crimes of violence. Section 3929(b) of the retail theft statute sets up a step system, whereby successive offenses become graded more severely for sentencing purposes. Statutes such as these, provide for enhanced penalties for individuals with a propensity to commit repeated offenses of the same type. Recidivist statutes serve the legitimate public policy of segregating from society those persons with propensities to commit crime, who by their repeated criminal acts demonstrate their unwillingness or inability to be rehabilitated.

In the present case we have an individual, who by a single act caused multiple consequences. The propriety of the multiple criminal sanctions he must suffer as a result of that act is without question. However, for the purpose of a recidivist penalty it would be unjust, and in derivation of the intent of the statute, to separate out the consequences of this one act in order to catagorize this individual as a person with a propensity to commit repeated offenses.[5] Wherefore, we find the three convictions for homicide by vehicle, having resulted from a single act, are not to be considered as separate offenses for the purpose of classifying this appellant as an habitual offender pursuant to 75 Pa.C.S. § 1542.

The Commonwealth Court is reversed, and the case is remanded to the trial court for a new hearing on the

5. The Commonwealth Court in their opinion affirming the designation of this defendant as an habitual offender relied upon their earlier decision in *Commonwealth v. Frye*, 88 Pa.Cmwlth. 380, 489 A.2d 984 (1985). We find the facts in the instant case to be completely distinguishable from those in *Frye*, where the defendant committed a series of separate and distinct acts within a narrow time frame.

revocation/suspension of appellant's license consistent with this opinion.

Reversed and Remanded.

LARSEN, J., files a concurring opinion, in which PAPADAKOS, J., joins.

LARSEN, Justice, concurring.

I join in the result. However, I take issue with the majority's gratuitous discourse on the word "habit." The Statutory Construction Act provides that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921. Since the words of the statute herein are clear, our inquiry ends there. To write about an "apparent thrust" concept does a disservice to the above-cited, time honored rule of construction.

PAPADAKOS, J., joins in this concurring opinion.