## In re License of Zimmerman

*Donald J. Smith, assistant counsel,* for the Commonwealth.

*Neil L. Albert,* for appellant.

FARINA, *J.,* January 7, 1992—Petitioner's operating privilege was suspended by the Department of Transportation for a cumulative period of three and a half years (90 days, 90 days, one year and two years) pursuant to 35 P.S. §780-113(37)(m) for four violations of the Controlled Substance Act (the "Drug Act").

On one occasion petitioner was in possession of four different controlled substances, each being a separate offense under the Drug Act. Following petitioner's guilty pleas to the four Drug Act offenses [one violation of subsection 13(a)(31) and three violations of §13(a)(16) for three different drugs [35 P.S. §§78-113(A)(31) and (16)] the department imposed the suspensions above noted applying license suspension provisions of §780-113(937)(m) of the Drug Act [35 P.S. §780-113(37)(m)] to each offense as a separate offense. The suspension provision provides in pertinent part as follows:

"When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

"(1) For a first offense, a period of 90 days from the date of suspension.

"(2) For a second offense, a period of one year from the date of suspension.

"(3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively."

Petitioner objects to the one-year and two-year suspensions claiming the possession of all the drugs was a single act and therefore the enhanced penalty of subsection 37(m) should not be applied. Petitioner relies upon *Frontini v. PennDOT,* 527 Pa. 448, 593 A.2d 410 (1991), where the Supreme Court held that convictions for three counts of homicide by vehicle could not be counted as "separate acts" under the habitual offender provisions of the Vehicle Code 75 Pa.C.S. §1542(b).

Petitioner's reliance upon *Frontini* is misplaced. *Frontini* was concerned with the Vehicle Code habitual offender provisions, not the Drug Act license suspension provisions involved here. The Vehicle Code provides enhanced penalties for "separate acts" not, as does the Drug Act, separate offenses. The *Frontini* fact pattern involved one act of driving resulting in three deaths; each death being the basis for a separate and separately punishable offense. The Drug Act does not concern itself with separate acts but with offenses. Here petitioner had multiple acts of possession (possessing four different controlled substances constituting four separate punishable offenses) each of which was subject to the license suspension provisions of the Drug Act.

We find no error in the department's application of 35 P.S. §780-113(37)(m) and imposition of a cumulative suspension period of three and a half years imposed as follows:

| | |
|---|---:|
| Violation of §13(a)(31) | 90 days |
| First violation of §13(a)(16) | 90 days |
| Second violation of §13(a)(16) | 1 year |
| Third violation of §13(a)(16) | 2 years |
| TOTAL | 3-1/2 years |

Petitioner does not quarrel with the two 90 day suspensions, thus effectively recognizing the possession on one occasion of multiple drugs that violate different sections of the Drug Act are separate offenses that subject an offender to multiple suspensions. Clear application of the Act dictates that possession at the same time of two additional and different drugs that violate §13(a)(16) require additional suspensions as second and third offenses for a §13(a)(16) violation. It is not a single act of multiple possessions that is punished, rather the Drug Act punishes the four separate offenses for four separate acts of possession occurring simultaneously.

Accordingly, we enter the following

## ORDER

And now, January 7, 1992, petitioner's appeal from the one-year and two-year license suspensions imposed by the Pennsylvania Department of Transportation pursuant to 75 P.S. §780-113(37)(m) is denied and the matter is remanded to the department to reinstate the suspension imposed.