**H. Steven McGOWAN**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted July 3, 1997.

Decided Aug. 12, 1997.

---

Timothy P. Wile, Assistant Counsel In–Charge, and Harold H. Cramer, Assistant Chief Counsel, for appellant.

No appearance entered for appellee.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before us in this appeal is whether the Court of Common Pleas of Bucks County (trial court) erred by finding that H. Steven McGowan (McGowan) was not a habitual offender under Section 1542 of the Vehicle Code [1] because two of his three driving under the influence of alcohol offenses (DUI's) arose from one single act of intoxication rather than separate acts.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the trial court that sustained McGowan's appeal of a five-year revocation of his operating privileges. We reverse.

The facts elicited at the *de novo* hearing on McGowan's statutory appeal are undisputed. On August 18, 1991, McGowan was charged with DUI.[2] On December 5, 1991, McGowan accepted Accelerated Rehabilitative Disposition (ARD) on that charge and his operating privileges were suspended for a period of 30 days.[3] At approximately 11:30 p.m. on October 22, 1995, McGowan was arrested by an officer of the Bensalem Police Department and again he was charged with DUI. At the police station, McGowan submitted to a breathalyzer test that resulted in a blood alcohol content (BAC) reading of 0.17%. After the breathalyzer results were obtained, the police drove McGowan to his home. While at home, McGowan became upset at the BAC reading because he did not understand how his BAC could register 0.17% when he stopped drinking at 8:00 p.m. that evening. McGowan then retrieved his car,

---

1. 75 Pa.C.S. § 1542.

2. 75 Pa.C.S. § 3731.

3. Under 75 Pa.C.S. § 3731(e)(6)(ii), the trial court must suspend the operating privileges of any person who accepts ARD on any charge for a period of at least thirty days but not more than twelve months.

which was parked up the street, and drove to the Bensalem police station to ask for another breathalyzer test.

At the police station, the same officer who initially arrested McGowan refused to give him another test and told him to go home. McGowan then left the station at approximately 1:00 a.m. on October 23, 1995 and started to drive home. After McGowan drove approximately one-quarter of a mile from the police station, he was again arrested for DUI. He submitted to another breathalyzer test that yielded a BAC result of 0.14%.

On March 6, 1996, McGowan pled guilty to both DUI charges and he was sentenced to two concurrent terms of thirty days to one year imprisonment. The Clerk of Courts of Bucks County then forwarded certification of McGowan's two DUI convictions to DOT. By official notices, DOT informed McGowan that his March 6, 1996 convictions placed him in the "habitual offender" category under Section 1542 of the Vehicle Code. As a result, his operating privileges were revoked for a period of five years. McGowan appealed to the trial court.

At the hearing, McGowan claimed that the two DUI offenses of October 22 and 23, 1995 arose out of the same act because they occurred one and a half hours apart on the same night and involved the same police department. Thus, McGowan argued that his last two DUI convictions did not make him a habitual offender because Section 1542 requires three convictions arising from separate acts.[4]

■ The trial court agreed with McGowan and determined that his behavior during the one and one-half hour period on October 22 and 23, 1995 was all related to the same drinking episode. The trial court further determined that each separate driving incident was related to the original stop and the first breathalyzer test. Relying on the Pennsylvania Supreme Court's decision in *Frontini v. Department of Transportation*, 527 Pa. 448, 593 A.2d 410 (1991), the trial court concluded that the two DUI convictions on March 6, 1996 did not arise from "separate acts" as required by the habitual offender statute. Thus, McGowan's statutory appeal was sustained and the five-year license revocation was rescinded. DOT now appeals to this Court.[5]

Under the habitual offender provision of Section 1542, a habitual offender is statutorily defined as any person who is convicted within a five-year period of three serious traffic offenses that arose from separate acts. 75 Pa.C.S. §§ 1542(a) and (b). There is no question in this case that McGowan incurred a DUI conviction in 1991. The question is whether McGowan's subsequent convictions for DUI on March 6, 1996 arose from one act or separate acts for the purpose of determining the number of convictions under Section 1542.

DOT argues that the trial court committed an error of law by ruling that McGowan's DUI offenses on October 22 and 23, 1995 did not arise from "separate acts" within the meaning of 75 Pa.C.S. § 1542(b). DOT con-

---

4. 75 Pa.C.S. § 1542. The pertinent portion of the habitual offender statute provides:

   **§ 1542. Revocation of habitual offender's license**
   (a) **General rule.**—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

   (b) **Offenses enumerated.**—Three convictions *arising from separate acts* of any one or more of the following offenses committed by any person shall result in such person being designated as a habitual offender:
   (1) Any violation of Subchapter B of Chapter 37 (relating to serious traffic offenses).
   (Emphasis added).

5. Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether the trial court committed an error of law, or whether the trial court abused its discretion. *Fordham v. Department of Transportation, Bureau of Driver Licensing*, 663 A.2d 868 (Pa.Cmwlth.1995).

tends that the two DUI offenses arose from separate acts committed by McGowan at separate times during the night and were not part of a single, continuous criminal episode. In support, DOT asserts that *Department of Transportation, Bureau of Traffic Safety v. Frye*, 88 Pa.Cmwlth. 380, 489 A.2d 984 (1985), *affirmed per curiam*, 514 Pa. 219, 523 A.2d 332 (1987) controls the instant case rather than *Frontini*. We agree.

In *Frye*, the driver committed four serious traffic violations in a single night.[6] Based on his convictions for these violations, DOT classified Frye as a habitual offender under Section 1542. On appeal, Frye contended that the habitual offender statute only took effect when a driver committed offenses enumerated in Section 1542(b) on three separate, unconnected points in time. Thus, Frye claimed he was not a habitual offender because his violations all occurred in one evening within a narrow time frame. We rejected this argument and held that the habitual offender statute "takes effect *whenever* there are three convictions on Section 1542(b) offenses, regardless of whether these offenses are committed within a narrow time frame or on separate occasions." *Frye*, 489 A.2d at 985.[7]

Rather than rely on *Frye*, however, the trial court in the instant case relied on *Frontini*. In *Frontini*, the vehicle driven by licensee struck another vehicle killing three of the occupants in the second vehicle. The licensee was subsequently charged with and pled guilty to DUI, reckless driving and three counts of homicide by vehicle. Based on licensee's convictions for DUI and the

first two homicide by vehicle offenses, DOT classified licensee as a habitual offender under Section 1542. The Pennsylvania Supreme Court rejected DOT's classification of licensee as a habitual offender and concluded that the three convictions for homicide by vehicle resulted from a single act. Thus, the Supreme Court held that licensee was not a habitual offender.

In reaching its decision in *Frontini*, the Supreme Court stated that:

> The apparent thrust of the habitual offender statute is to punish persons who make a "habit" of violating the more serious provisions of the vehicle code, thus causing themselves to be a menace to the other licensed drivers in Pennsylvania. Thus, the habitual offender statute is recidivist in nature, concerning itself with the number of prior acts committed by the offender, as opposed to the multiple consequences of any one act.

527 Pa. at 451, 593 A.2d at 412. With this policy consideration in mind, the Supreme Court determined that it would be unjust and in derivation of the intent of Section 1542 to separate out the multiple consequences of licensee's one act in order to categorize him as a habitual offender. *Id.*

Based on *Frontini*, the trial court in the instant case concluded that McGowan did not make a "habit" of committing traffic offenses and, therefore, Section 1542 did not apply. However, the trial court in this instance overlooked the factual distinction between the situations in *Frye* and *Frontini* and instead focused on the policy behind the habit-

---

6. Frye was convicted of DUI (75 Pa.C.S. § 3731), failing to stop at the scene of an accident involving damage to attended property (75 Pa.C.S. § 3743), driving without lights to avoid identification or arrest (75 Pa.C.S. § 3734), and fleeing or attempting to elude a police officer (75 Pa.C.S. § 3733). *Frye*, 489 A.2d at 984 n. 1.

7. In so holding, we noted that our interpretation of Section 1542 was consistent with the intent of the General Assembly as expressed in the language of subsection (b) that the violations could occur "either singularly or in combination." On December 12, 1994, the Legislature amended subsection (b) of 75 Pa.C.S. § 1542, effective

September 12, 1995, by deleting the "either singularly or in combination" language. The operative phrase "separate acts" remained part of Section 1542(b). Although the language of Section 1542(b) relied upon in *Frye* was deleted, we may rely on *Frye* because it has been cited with approval in subsequent cases dealing with the interpretation of the "separate acts" language of Section 1542(b). *See Frontini*, 527 Pa. at 452 n. 5, 593 A.2d at 412 n. 5 and *Hill v. Department of Transportation, Bureau of Driver Licensing*, 168 Pa.Cmwlth. 343, 650 A.2d 1131 (1994).

ual offender statute as the Supreme Court did in *Frontini*. The Supreme Court in *Frontini* specifically noted that the facts in that case were "completely distinguishable" from the facts in *Frye*, where the defendant committed a series of separate and distinct acts within a narrow time frame. *Id.* at 452 n. 5, 593 A.2d at 412 n. 5. We find that the same factual distinction can be made between *Frontini* and the instant case.

Unlike the situation in *Frontini*, McGowan's convictions arose out of separate actions on his part at separate times on October 22 and 23, 1995. First, McGowan was arrested for DUI at approximately 11:30 p.m. on October 22, 1995. He then submitted to a breathalyzer test and was transported home. Thus, the first episode ended. Later, McGowan retrieved his car and returned to the police station. After he was denied a second breathalyzer test, he started to drive home. At approximately 1:00 a.m. on October 23, 1995, he was again pulled over and arrested for DUI. Each of McGowan's separate actions of driving under the influence of alcohol resulted in separate DUI convictions. Therefore, McGowan incurred the requisite number of convictions to be considered a habitual offender under Section 1542.

Although McGowan's actions were only one and one-half hours apart, *Frye* held that the narrowness of time within which the actions occurred is not determinative of whether the offenses arose from separate acts. Moreover, we cannot agree with the trial court's conclusion that McGowan's two DUI convictions arose from one single act because each one was related to his bout with alcohol earlier that evening. The fact that McGowan was in a state of drunkenness throughout the evening is irrelevant to determining whether his convictions arose from separate acts.

In *Ross v. Department of Transportation, Bureau of Driver Licensing*, 125 Pa. Cmwlth. 256, 557 A.2d 62 (1989), *petition for allowance of appeal denied*, 524 Pa. 623, 571 A.2d 385 (1989), this Court stated that "sepa-

rate acts" means that "although all three Code violations may be committed in combination in the course of one general factual episode, the driver must also have done three completely different improper things which led to those Code violations in order to be considered a habitual offender." *Id.* 557 A.2d at 63. In McGowan's case, he drove while under the influence of alcohol on three separate occasions at three completely different times. McGowan's separate actions led to separate convictions for DUI. Although two of his DUI convictions were related to one episode of intoxication on October 22 and 23, 1995, that relationship does not change the fact that the offenses arose from separate acts.

We also note that to adopt the position of the trial court in this case would lead to an absurd result. In attempting to ascertain the meaning of the phrase "separate acts" in Section 1542, we must presume that the General Assembly did not intend a result which is absurd or unreasonable. Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1). DOT points out that the trial court's rationale would permit a licensee to consume a significant quantity of alcohol and, while in that continuing state of intoxication, commit repeated DUI offenses throughout an evening. Each of the separate DUI's would then be considered as arising from the same act so long as the licensee remained intoxicated. We agree with DOT that the legislature did not intend such a result. Although McGowan's second series of actions leading to his second DUI arrest on October 23, 1995 may have been the result of his anger over the BAC results of his first DUI arrest, we cannot agree that such a connection makes McGowan's separate actions into one single act for purposes of Section 1542.

Accordingly, the order of the trial court is reversed and the five-year revocation of McGowan's operating privileges is reinstated.

### ORDER

AND NOW, this *12th* day of *August*, 1997, the order of the Court of Common Pleas of

Bucks County in the above-captioned matter is hereby reversed, and the five-year revocation of the operating privileges of H. Steven McGowan is hereby reinstated.