**Walter D. DELIMAN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 1998.

Decided Sept. 24, 1998.

---

Walter D. Deliman, appellant, for himself.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Harrisburg, for appellee.

Before DOYLE and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Walter D. Deliman (Deliman) *pro se* appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) that dismissed his appeal from the five year

revocation of his operating privilege by the Department of Transportation, Bureau of Driver Licensing (Department) pursuant to Section 1542 of the Vehicle Code (Code), 75 Pa.C.S. § 1542 (habitual offender provision). We affirm.

The facts are not in dispute. On October 10, 1993, Deliman violated Section 3731(a) of the Code, 75 Pa.C.S. § 3731(a) (driving under the influence of alcohol and/or a controlled substance). He was convicted on June 8, 1994 and accepted ARD. Deliman again violated Section 3731(a) of the Code on August 10, 1996 and again on October 14, 1996. He pleaded guilty to both 1996 violations on January 15, 1997. As a result of these three convictions, the Department notified Deliman that he had been placed on habitual offender status and that his driving privilege was revoked for a period of five years.

Deliman filed a statutory appeal contending that the five year revocation was improper because his convictions for the two 1996 offenses were incorrectly deemed separate offenses for purposes of the habitual offender statute. The parties stipulated to the facts, submitted briefs and presented oral argument. The trial court dismissed Deliman's appeal, holding that because Deliman had been convicted of three separate and unconnected violations of the Code the Department was required to place him on habitual offender status and revoke his license. The trial court rejected Deliman's contention that his second conviction had to have occurred prior to his third violation.

■ Deliman now appeals to this Court,[1] again raising the issue concerning whether two DUI offenses, committed on different dates but to which the licensee pled guilty on the same date, can constitute separate offenses for purposes of classifying the licensee as a habitual offender under Section 1542 of the Code. Specifically, Deliman argues that Section 1542 is a generally worded recidivist statute that does not state when convictions must occur in relation to offenses. Thus, relying on the recidivist philosophy and the

---

1. Our scope of review in this case, which solely presents a question of law, is plenary. *Department of Transportation, Bureau of Driver Licens-* *ing v. Clayton*, 546 Pa. 342, 684 A.2d 1060 (1996).

legislature's 1994 amendment to Section 1542, Deliman contends that an offender must be given the opportunity to reform between convictions and that he was not provided the opportunity to do so.

Initially, we set out the pertinent portions of Section 1542 of the Code as follows:

### § 1542. Revocation of habitual offender's license.

(a) **General rule.**—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained by the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

(b) **Offenses enumerated.**—*Three convictions arising from separate acts of any one or more of the following offenses committed* [2] *by any person shall result in such person being designated as a habitual offender:* [emphasis added]

(1) Any violation of Subchapter B of Chapter 37 (relating to serious traffic offenses).

. . . .

(c) **Accelerative Rehabilitative Disposition as an offense.**—Acceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b) shall be considered an offense for the purposes of this section.

(d) **Period of revocation.**—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

Deliman presents extensive arguments concerning the recidivist philosophy and the impact of the 1994 amendment. However, the Court in *McGowan v. Department of* *Transportation, Bureau of Driver Licensing,* 699 A.2d 1344 (Pa.Cmwlth.1997), addressed the same arguments Deliman makes here and relied on cases decided or affirmed by the Supreme Court that discussed and rejected similar arguments.

In *McGowan,* the licensee was arrested for DUI in 1991 and accepted ARD on that charge. The licensee was next arrested for DUI around 11:30 p.m. on October 22, 1995, was given a breathalyzer test and transported home. Subsequently, the licensee retrieved his car, returned to the police station and requested another breathalyzer test, which was denied. The licensee then started to drive home and about 1:00 a.m. on October 23, 1995 was again pulled over and arrested for DUI. On March 6, 1996, the licensee pled guilty to both DUI charges. The Department placed the licensee in the habitual offender category and ordered the revocation of his license for five years.

The specific issue in *McGowan* concerned whether the two DUI offenses that occurred within hours of each other and arose from the same drinking episode could be deemed separate acts for the purpose of determining the number of convictions under Section 1542. The *McGowan* court closely examined *Frontini v. Department of Transportation,* 527 Pa. 448, 593 A.2d 410 (1991), a case relied upon by Deliman, wherein the court held that three convictions for homicide by vehicle resulting from a single act could not be considered separate offenses for the purpose of classifying Frontini as a habitual offender. The *McGowan* court also reviewed *Department of Transportation, Bureau of Traffic Safety v. Frye,* 88 Pa.Cmwlth. 380, 489 A.2d 984 (1985), *aff'd per curiam,* 514 Pa. 219, 523 A.2d 332 (1987), a case that Deliman contends was disapproved of by the legislature when it deleted the "either singularly or in combination" language in 1994. The *McGowan* court noted the reliance in *Frye* on the deleted language, but pointed out that *Frye* is cited with approval in subsequent

**2.** Section 1542(b) of the Code was amended by the Act of December 7, 1994, P.L. 820. The "either singularly or in combination" language in subsection (b) following "offenses committed" was deleted by the 1994 amendment.

cases dealing with the interpretation of the "separate acts" language in Section 1542(b).[3]

The *McGowan* court noted the discussion in the *Frontini* case referencing the recidivist nature of the habitual offender statute and recognized the effect of the 1994 amendment. However, the court held that "[e]ach of McGowan's separate actions of driving under the influence of alcohol resulted in separate DUI convictions." *Id.* at 1348. It refused to agree that McGowan's separate actions stemming from one bout of intoxication were somehow one single act for purposes of Section 1542. The *McGowan* court noted the distinction made by the Supreme Court in *Frontini* that "the facts in [*Frontini*] were 'completely distinguishable' from the facts in *Frye,* where the defendant committed a series of separate and distinct acts within a narrow time frame." *McGowan,* 699 A.2d at 1348. The *Frontini* court made clear that the intent of the habitual offender statute does not allow the separation of the consequences of one act to be the basis to categorize an individual as someone with a propensity to commit repeated offenses, i.e., to apply Section 1542, separate and distinct acts are required. *Id.*

■ In light of *McGowan,* we refuse to consider Deliman's actions on two separate and distinct dates as a single act for purposes of the habitual offender statute. We also note that despite the *Frontini* court's discussion of the recidivist nature of the habitual offender, it did not conclude that a conviction on one violation must precede a new violation. The basis for the *Frontini* decision was a recognition that separate acts must occur to support separate offenses for habitual offender status, while at the same time the licensee would be liable for multiple criminal sanctions for the multiple consequences. For this reason alone, *Frontini* does not support Deliman's position.

Here, the fact that Deliman pleaded guilty to the two separate and distinct offenses on the same date is of no moment. Not only had the licensee in *McGowan* likewise pleaded guilty to two offenses at the same time but his separate acts were also committed within hours of each other. Moreover, as pointed out by the trial court, Section 1542 does not specify a requisite chronological sequence of prior offenses and convictions and this Court will not append that language or interpretation to that section.

Accordingly, we affirm the denial of Deliman's appeal.

### ORDER

NOW, September 24, 1998, the order of the Court of Common Pleas of Lackawanna County, is affirmed.

---

**3.** *See Frontini* and *Hill v. Department of Transportation, Bureau of Driver Licensing,* 168 Pa.

Cmwlth. 343, 650 A.2d 1131 (1994).