# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Richard Dewald,        :
            Appellant       :
                           :
          v.                :   No. 554 C.D. 2018
                           :   Submitted:  February 11, 2019
Commonwealth of Pennsylvania,    :
Department of Transportation,      :
Bureau of Driver's Licensing       :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                      FILED: April 5, 2019

Todd Richard Dewald (Licensee) appeals an order of the Court of Common Pleas of Indiana County (trial court) dismissing his appeal of a one-year suspension of his operating privilege for refusing a blood test pursuant to Section 1547(b)(1)(i) of the Vehicle Code,[1] 75 Pa. C.S. §1547(b)(1)(i), commonly known as the Implied Consent Law.  On appeal, Licensee argues that the warnings he received did not comport with the requirements of former Section 1547(b)(2) of the Vehicle Code, 75 Pa. C.S. §1547(b)(2), which was in effect at the time of his arrest, because

---

[1] This section provides:

> (1)   If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:
>
> > (i)   Except as set forth in subparagraph (ii), for a period of 12 months.

75 Pa. C.S. §1547(b)(1)(i).

he was not warned of the enhanced criminal penalties for refusing a blood test. For the reasons to follow, we affirm.

The relevant facts are not in dispute. On August 23, 2016, Licensee was arrested for driving under the influence of alcohol in violation of Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802. He refused to submit to a blood test. On September 7, 2016, the Pennsylvania Department of Transportation, Bureau of Driver Licensing (Department), notified Licensee that his operating privilege was suspended for one year for refusing the blood test. Licensee appealed the suspension, and the trial court conducted a hearing on his appeal.

At the hearing, the parties stipulated that on August 23, 2016, Indiana University of Pennsylvania Police Officer Bruce Waters arrested Licensee for operating a vehicle under the influence. The parties also stipulated that Officer Waters read to Licensee the Department's Form DL-26B, which contained the chemical testing warnings. Licensee refused to take a blood test.

The Department then presented Officer Waters, who testified that he transported Licensee to the hospital, where he read verbatim the following warnings from the Department's Form DL-26B:

> 1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.
>
> 2. I am requesting that you submit to a chemical test of blood.
>
> 3. If you refuse to submit to the blood test, your operating privileges will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months.
>
> 4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to

2

speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

Notes of Testimony, 5/30/2017, at 7 (N.T. ___); Reproduced Record at 9a (R.R. ___). On cross-examination, Officer Waters stated that he did not warn Licensee of the enhanced criminal penalties for refusing a blood test, as required by the language in Section 1547(b)(2) of the Vehicle Code in effect at the time of Licensee's arrest.

At the conclusion of the hearing and with the agreement of the parties, the trial court continued the case pending disposition of the appeal in *Garlick v. Department of Transportation, Bureau of Driver Licensing*, 176 A.3d 1030 (Pa. Cmwlth. 2018) (*en banc*), which raised the same legal issue raised by Licensee. Thereafter, on the basis of this Court's holding in *Garlick*,[2] the trial court held that the warning given to Licensee was lawful and denied Licensee's appeal.

On appeal to this Court,[3] Licensee argues that his license cannot be suspended because Officer Waters' warnings did not comport with the statutory mandate as it existed when he was arrested. Licensee contends that Officer Waters had to warn him of the enhanced criminal penalties for refusing a blood test, even though those enhanced penalties had been declared unconstitutional. At the time of Licensee's arrest, the only constitutionally valid consequence for refusing a

---

[2] In *Garlick*, 176 A.3d 1030, this Court held that the licensee's warning was lawful, in spite of the fact that Section 1547(b)(2)(ii) of the Vehicle Code required a warning about enhanced criminal penalties which was not repeated to the licensee.

[3] This Court's review determines whether the trial court committed an error of law or abused its discretion, or whether the trial court's findings of fact are supported by substantial evidence. *Garlick*, 176 A.3d at 1035 n.6. On questions of law, our scope of review is plenary. *Deliman v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 388, 389 n.1 (Pa. Cmwlth. 1998).

requested blood test was a suspension of his operating privilege, not an enhanced criminal penalty.

At the time of Licensee's arrest on August 23, 2016, Section 1547(a)(1) of the Vehicle Code stated as follows:

> Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle:
>
> > (1)  in violation of section 1543(b)(1.1)(relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock)[.]

75 Pa. C.S. §1547(a)(1) (former provision).[4]  Further, Section 1547(b)(2) required a police officer to warn a driver stopped on suspicion of driving under the influence of the following:

> (i)  the person's operating privilege will be suspended upon refusal to submit to chemical testing; and
>
> (ii)  if the person refuses to submit to chemical testing, *upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c)(relating to penalties).*

75 Pa. C.S. §1547(b)(2) (former provision) (emphasis added).[5]

---

[4] Act of May 25, 2016, P.L. 236, immediately effective.

[5] Act of September 30, 2003, P.L. 120.

4

In June 2016, the United States Supreme Court decided *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), holding that a state could not impose criminal penalties on a motorist for refusing to submit to a blood test unless a search warrant was first obtained.[6] *Id.* at 2185. Thereafter, the Superior Court held that because Pennsylvania's Implied Consent Law "impose[d] criminal penalties on the refusal to submit to such a test," it contravened the constitutional protection against a warrantless search announced in *Birchfield*. *Commonwealth v. Evans*, 153 A.3d 323, 331 (Pa. Super. 2016) (quoting *Birchfield*, 136 S. Ct. at 2185-86). Effectively, *Birchfield* and *Evans* rendered the "enhanced criminal penalties for refusing a blood test" in the Vehicle Code unconstitutional and unenforceable. *Tomasic v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1189 C.D. 2017, filed June 19, 2018), slip op. at 7 (unreported).[7] On July 20, 2017, the General Assembly amended Section 1547(b)(2) of the Vehicle Code to make it conform to the United States Constitution. *See* Section 3 of the Act of July 20, 2017,

---

[6] In *Birchfield*, motorists from North Dakota and Minnesota challenged their states' implied consent laws, which imposed criminal penalties on drivers suspected of driving under the influence of alcohol who refused a breath or blood test. The motorists argued that a police officer needed a search warrant before conducting either a breath or blood test.

The United States Supreme Court held that a search warrant was required to take a blood sample but not a breath test. *Birchfield*, 136 S. Ct. at 2184-85. With regard to the states' implied consent laws, the Supreme Court stated that "prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply[,]" and that nothing in its opinion "should be read to cast doubt on them." *Id.* at 2185. However, it rejected the governments' argument that the blood tests were "justified based on the driver's legally implied consent to them." *Id.* The Supreme Court explained that "[t]here must be a limit on the consequences to which [a] motorist may be deemed to have consented by virtue of a decision to drive on public roads." *Id.* It held that drivers "cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *Id.* at 2186.

[7] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" 210 Pa. Code §69.414(a).

5

P.L. 333, 75 Pa. C.S. §1547(b)(2).[8] Notably, the holding in *Birchfield* had no impact upon a state's ability to suspend a driver's license where the licensee refuses testing. *Boseman v. Department of Transportation, Bureau of Driver Licensing*, 157 A.3d 10, 21 (Pa. Cmwlth.), *appeal denied*, 170 A.3d 996 (Pa. 2017).

With this background, we address Licensee's challenge to the legal sufficiency of the warnings he received. Licensee contends that at the time of his arrest, former Section 1547(b)(2)(ii) required a police officer to warn a driver that he would be subject to enhanced criminal penalties for refusing a blood test. In response to *Birchfield*, the Department revised Form DL-26B to remove the reference to these enhanced criminal penalties. Licensee contends that the Department had no justification "for [departing] from the mandated implied consent warnings of Section 1547(b)(2) in [a civil suspension.]" Licensee Brief at 13-14.

Licensee's issue was decided in *Garlick*. There, the licensee, arrested on suspicion of driving under the influence, was read the warnings contained on Form DL-26B. The form did not warn of enhanced criminal penalties pursuant to former Section 1547(b)(2)(ii) of the Vehicle Code. Before the trial court, the licensee argued that his operating privilege could not be suspended because the officer did not warn him of the enhanced criminal penalties. The trial court denied

---

[8] It states:

> (2) It shall be the duty of the police officer to inform the person that:
>> (i) the person's operating privilege will be suspended upon refusal to submit to chemical testing and the person will be subject to a restoration fee of up to $2,000; and
>> (ii) if the person refuses to submit to chemical breath testing, upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).

75 Pa. C.S. §1547(b)(2).

the licensee's appeal for the stated reason that the warning given to the licensee was legally accurate, as a consequence of *Birchfield*. The licensee appealed the decision.

This Court explained that "the purpose behind [Section 1547(b)(2) was] to make a licensee aware 'of the consequences of a refusal to take the test so that he can make a knowing and conscious choice.'" *Garlick*, 176 A.3d at 1036 (quoting *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 877 (Pa. 1989)). However, after *Birchfield*, the licensee

> could not, as a matter of constitutional law, be subject to such penalties. Stated simply, enhanced criminal penalties were not a consequence of [the licensee] refusing the requested blood test…. [T]he effect of *Birchfield* and the Superior Court cases that followed was to render the criminal penalties warned of in Section 1547(b)(2)(ii) as applied to blood testing unenforceable and to effectively sever that section from the rest of the Vehicle Code.

*Garlick*, 176 A.3d at 1036 (citations omitted). We held that the warnings given to the licensee accurately informed him of the consequences for refusing a blood test.

We are bound by *Garlick*. Accordingly, the consequence to Licensee for refusing a requested blood test was the suspension of his operating privilege. Officer Waters informed Licensee that his refusal "to submit to the blood test" would result in his "operating privileges" being suspended "for at least 12 months." N.T. 7; R.R. 9a. Those warnings were legally accurate.

Licensee argues that the precedent in *Department of Transportation, Bureau of Driver Licensing v. Weaver*, 912 A.2d 259 (Pa. 2006), and *Boseman*, 157 A.3d 10, requires a different result.[9] This argument was also raised, and rejected, in *Garlick*, where we explained:

---

[9] In *Weaver*, the Pennsylvania Supreme Court stated that subparagraph (ii) of Section 1547(b) of the Vehicle Code "commands police officers to inform an arrestee that '(ii) upon conviction, plea

7

what [the licensee] seems to suggest is that, in order for his license suspension to be valid, [the police officer] had to violate [his] Fourth Amendment rights by warning [him] about the no-longer enforceable enhanced criminal penalties because Section 1547(b)(2)(ii) still required that warning. This constitutional violation, according to [the licensee's] interpretation of these cases, would have no impact on his license suspension and, therefore, there was no reason for common pleas to consider *Birchfield* in this proceeding.[] *To put it simply, [the licensee's] argument encourages officers to violate licensees' Fourth Amendment rights thereby jeopardizing their criminal prosecutions in order to comply with Section 1547(b)(2)(ii) even though the criminal penalty in the warning is no longer enforceable* and, therefore, no longer a consequence of refusing a blood test. We cannot countenance such an argument.

*Garlick*, 176 A.3d at 1037 (emphasis added). The same reasoning applies here.

The Department's deletion of the warning in Form DL-26B about enhanced criminal penalties brought the form into conformance with the law post-*Birchfield*. By omitting the warning about enhanced criminal penalties, Officer Waters gave Licensee a warning that was legally sufficient and constitutional. Thus, the trial court did not err in dismissing Licensee's appeal.

For these reasons, the order of the trial court is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

---

or adjudication of delinquency for violating section 3802(a)[(relating to driving under the influence of alcohol or a controlled substance)], the person will be subject to the penalties provided in section 3804(c) (relating to penalties).'" *Weaver*, 912 A.2d at 264 (citing 75 Pa. C.S. §1547(b)(2)(ii)).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Richard Dewald,        :
          Appellant      :
                            :
          v.           :  No. 554 C.D. 2018
                            :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver's Licensing     :

# **O R D E R**

AND NOW, this 5th day of April, 2019, the order of the Court of Common Pleas of Indiana County dated March 27, 2018, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge