# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Harry William Marvin, Jr. | : | |
| | : | |
| v. | : | No. 884 C.D. 2018 |
| | : | SUBMITTED: February 19, 2021 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Motor Vehicles, | : | |
| Appellant | : | |
| | | |
| Marv's Service Center | : | |
| | : | |
| v. | : | No. 885 C.D. 2018 |
| | : | SUBMITTED: February 19, 2021 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Motor Vehicles, | : | |
| Appellant | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER**                    **FILED: August 3, 2021**

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, appeals from the order of the Court of Common Pleas of Susquehanna County sustaining the statutory appeals of the suspensions of the certificates of appointment of Marv's Service Center (Station) as an official safety inspection station and William Henry Marvin, Jr. (Mechanic) as an official safety inspector. We affirm.

The facts found by the trial court are not in dispute and may be summarized as follows. Station holds a certificate of appointment issued by the Bureau authorizing it to inspect passenger cars, light trucks, trailers of 10,000 pounds or less, trucks of 17,000 pounds or less, trailers of more than 10,000 pounds, and trucks of more than 17,000 pounds. Mechanic holds a certificate of appointment as a safety inspector as well as Class A and Class M driver's licenses. A Class A license is better known as a commercial driver's license (CDL);[1] a Class M license authorizes the licensee to drive a motorcycle, *see* 75 Pa.C.S. § 1504(d)(4). CDL operators may have various endorsements authorizing them to drive different types of vehicles. Mechanic does not have the endorsements necessary to operate a vehicle transporting hazardous materials or a tank vehicle.

During an audit of Station's inspection records in September 2017, it was found that Mechanic had performed an inspection on a propane tank truck.[2] As part of the inspection, Mechanic was required to perform a road test. *See* 67 Pa. Code § 175.110(e). As stated, Mechanic did not have the necessary endorsements on his CDL to *operate* the truck on the road. In December 2017, the Department notified both

---

[1] Section 1504(d)(1) of the Vehicle Code provides in pertinent part as follows:

> A Class A license shall be issued to those persons . . . who have demonstrated their qualifications to operate any combination of vehicles with a gross vehicle weight rating of 26,001 pounds or more, provided the gross vehicle weight rating of the vehicle or vehicles being towed is in excess of 10,000 pounds.

75 Pa.C.S. § 1504(d)(1).

[2] Station and Mechanic make the distinction that the inspection was only provided for the truck, and not the tank, which was separately inspected at another facility. (Station and Mechanic Br. at p. 2.) This distinction is not pertinent to our analysis, as the Department does not suggest that it was an inspection of the tank that resulted in the suspension but taking the entirety of the tank truck for a road test.

Station and Mechanic that they were each to have their certificates of appointment suspended for four months for "inspection by uncertified mechanic." (Letters of Suspension for Station and Mechanic, respectively, Reproduced Record at pp. 95a, 108a.) Both Station and Mechanic appealed their suspensions. The trial court conducted a hearing *de novo* at which it consolidated the two appeals. The parties stipulated to many of the facts, the Department entered certified records for Station and Mechanic that were admitted without objection, and Station and Mechanic presented the testimony of Mechanic and the owner of the tank truck and exhibits. After hearing argument, the trial court took the matter under advisement.

On June 6, 2018, the trial court filed an opinion and order sustaining the appeals. The trial court found that the regulations under which Station and Mechanic were suspended require that in order to be certified, the official safety inspector must have a driver's license appropriate for the class of vehicle he will inspect, but do not require that he have endorsements for specific vehicles. (Trial Ct. Op. at p. 4.) The Department timely appealed.

On appeal, the Department presents a single issue: whether the trial court erred as a matter of law in concluding that the Department "did not charge [Station and Mechanic] with the proper violation."[3] (Dep't Br. at Statement of Questions Involved.[4]) More specifically, the Department argues that because operation of the tank truck requires appropriate endorsements on the operator's license, 75 Pa.C.S. §§

---

[3] As with all questions of law, our review is plenary. *Deliman v. Dep't of Transp., Bureau of Driver Licensing*, 718 A.2d 388, 389 n.1 (Pa. Cmwlth. 1998).

[4] The Department's brief is not paginated.

3

1606(a)(3)[5] and 1610(b),[6] and a road test is required to complete the inspection, *see* 67 Pa. Code § 175.110(e), Mechanic was an "uncertified mechanic."

Section 4726 of the Vehicle Code requires that a mechanic performing inspections be "certified as to training, qualifications and competence by the [D]epartment or the [D]epartment's designate *according to [D]epartment regulations*." 75 Pa.C.S. § 4726 (relating to certification of mechanics) (emphasis added). The term "certified inspection mechanic" is defined by the Department's regulations as follows: "[a] person who holds a valid certification card issued by the Bureau certifying that the person is qualified, has passed all requirements to inspect specific vehicles and holds a valid driver's license for the correct *class* of vehicle." 67 Pa. Code § 175.2 (relating to definitions) (emphasis added). Further, 67 Pa. Code § 175.28(d), relating to certification requirements, provides that a mechanic need only have a valid driver's license for "each *class* of vehicle which the mechanic will inspect" (emphasis added). As noted above, the Vehicle Code certainly requires the appropriate endorsements to operate a tank truck, and there is a generalized statement in the regulations to the effect that "failure to comply with the appropriate provisions of the [Vehicle Code] will be considered sufficient cause of suspension of inspection privileges," 67 Pa. Code § 175.51(a). However, neither the definition of the term "certified inspection mechanic," 67 Pa. Code § 175.2, nor the substantive provisions requiring a station to assure mechanics are certified and that inspections be performed

---

[5] Section 1606(a)(3) of the Vehicle Code generally provides in relevant part as follows: "No person . . . shall drive a commercial motor vehicle unless . . . the person's commercial driver's license . . . contains all applicable license endorsements." 75 Pa.C.S. § 1606(a)(3).

[6] Section 1610(b)(1) provides that CDLs may be issued with various endorsements. 75 Pa.C.S. § 1610(b)(1). Among those endorsements are "H—Authorizes the driver to operate a vehicle transporting hazardous materials" and "N—Authorizes driving tank vehicles." 75 Pa.C.S. § 1610(b)(2).

by a certified inspection mechanic, respectively 67 Pa. Code § 175.29(a)(7) and § 175.28(a),[7] nor the offense for which Station and Mechanic were charged as listed in the violation schedule, 67 Pa. Code § 175.51(a)(3)(iii), require a certified inspection mechanic to hold endorsements specific to the type of vehicle inspected.

While the Court cannot condone the illegal conduct of operating a vehicle on the roads for which Mechanic lacks the proper endorsements,[8] and notes that the Department might wish to amend its regulations to address this apparent oversight, it is not proper for us to impute a requirement that the Department has omitted from its regulations or redefine a term for which the Department itself has promulgated the definition.

In light of the foregoing, the trial court's order is affirmed.

 

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[7] Section 175.28(a) of the regulations provides generally, in pertinent part, as follows: "[t]he mechanic shall only inspect the type of vehicle for which he is certified and for which he holds a valid driver's license." 67 Pa. Code § 175.28(a).

[8] As noted by the trial court, while the regulations require a "road test," Section 4726(a) of the Vehicle Code dispenses with the requirement of a CDL of any type when the test is conducted on private property:

> A certified official inspection mechanic performing a road test on a vehicle for the purpose of conducting a motor vehicle inspection is not required to hold a commercial driver's license if the entire road test is performed on private property, provided the mechanic holds a valid Class C driver's license and the road test area is of adequate space and size to perform a complete and proper road test as specified in department regulations.

75 Pa.C.S. § 4726(a).

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry William Marvin, Jr.      :
                          :
                v.            :   No. 884 C.D. 2018
                          :

Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Motor Vehicles,      :
             Appellant   :

Marv's Service Center       :
                          :
                v.            :   No. 885 C.D. 2018
                          :

Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Motor Vehicles,      :
             Appellant   :

## **O R D E R**

AND NOW, this 3rd day of August, 2021, the order of the Court of Common Pleas of Susquehanna County is affirmed.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita