# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brian Anthony Turner, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1206 C.D. 2017 |
| | : | Submitted: January 26, 2018 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: May 18, 2018

Brian Anthony Turner (Licensee) appeals an order of the Court of Common Pleas of Northampton County (trial court) dismissing his appeal of a one-year suspension of his operating privilege pursuant to Section 1547(b)(1)(i) of the Vehicle Code,[1] commonly known as the Implied Consent Law, for refusing a blood test. Because Licensee was not warned of the enhanced criminal penalties for refusing a blood test, Licensee argues that his license suspension must be set aside.

---

[1] It provides:

(1) If any person placed under arrest for a violation of section 3802[, 75 Pa. C.S. §3802,] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

(i) Except as set forth in subparagraph (ii) [(setting forth the circumstances leading to an 18-month suspension)], for a period of 12 months.

75 Pa. C.S. §1547(b)(1)(i).

On February 21, 2017, the Pennsylvania Department of Transportation, Bureau of Driver Licensing (PennDOT), notified Licensee that his operating privilege was suspended for one year, for refusing to submit to a blood test. Licensee appealed, and a hearing was held before the trial court.

Pennsylvania State Trooper Michael Hodgskin was the sole witness at the hearing. He testified that on February 5, 2017, he observed a vehicle stopped on the shoulder of an interstate highway with its motor running and headlights on. Licensee was asleep in the driver's seat. Once awakened, Licensee was asked to submit to several field sobriety tests, which he attempted but could not complete. Licensee admitted to consuming alcohol, but he refused to take a portable breath test. He was placed under arrest for suspicion of driving under the influence of alcohol (DUI) pursuant to Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802, and transported to a hospital for a blood test.

Trooper Hodgskin testified that, at the hospital, he warned Licensee of the consequences of refusing the blood test pursuant to the Implied Consent Law. Licensee was not informed that a refusal of a blood test would subject him to enhanced criminal penalties. Trooper Hodgskin explained to the trial court that there are now two separate DL-26 forms. One form provides the Implied Consent Law warnings for refusing a breath test, and the other provides the Implied Consent Law warnings for refusing a blood test. The blood test form omits any mention of enhanced criminal penalties for a refusal, which is the warning Trooper Hodgskin gave to Licensee at the hospital. Licensee refused to submit to the blood test.

At the conclusion of the evidentiary hearing, Licensee presented legal argument. He asserted that the suspension of his operating privilege was invalid because he did not receive a warning that conformed to the mandate of former

2

Section 1547(b)(2)(ii) of the Vehicle Code, which was in effect at the time of Licensee's arrest. It stated as follows:

> (2) It shall be the duty of the police officer to inform the person that:
>
> ***
>
> (ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).

*Former* 75 Pa. C.S. §1547(b)(2)(ii). Former Section 3804(c) of the Vehicle Code, also in effect at the time of Licensee's arrest, provided that an operator convicted of DUI who "refused testing of blood or breath" would be sentenced as if they had tested at the "highest blood alcohol" rate, *i.e.*, an alcohol concentration of 0.16% or higher. *Former* 75 Pa. C.S. §3804(c).

In *Birchfield v. North Dakota*, __ U.S. __, 136 S. Ct. 2160 (2016), the United States Supreme Court held that criminal penalties cannot be imposed upon a motorist who refuses a blood test without a search warrant. In response to *Birchfield*, the Pennsylvania Superior Court held that absent a warrant "or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided [in the Vehicle Code]." *Commonwealth v. Giron*, 155 A.3d 635, 640 (Pa. Super. 2017). Thereafter, the Department created two Implied Consent Law forms: one for breath tests and another for blood tests. As explained by Trooper Hodgskin, the new form for blood tests no longer states that a refusal will subject a licensee to enhanced criminal penalties.

3

At Licensee's hearing, PennDOT explained the *Birchfield* holding and its revised consent forms. It acknowledged that at the time of Licensee's arrest, former Section 1547(b)(2)(ii) of the Vehicle Code was in effect. However, to give this warning was illogical because *Birchfield* prohibited enhanced criminal penalties for refusing a blood test, where a search warrant is not first obtained.[2]

The trial court rejected Licensee's argument that Trooper Hodgskin was obligated to warn him of the enhanced criminal penalties even though they had been rendered constitutionally invalid by *Birchfield*. The trial court concluded that the mandate in former Section 1547(b)(2)(ii) of the Vehicle Code that a licensee be warned of enhanced criminal penalties was severable from the remainder of the Vehicle Code. The trial court denied Licensee's appeal of his license suspension.

Licensee appealed to this Court,[3] and he raises two issues. First, he contends that failure to provide the enhanced criminal penalties warning violated former Section 1547(b)(2)(ii) of the Vehicle Code, rendering his suspension invalid.

---

[2] Indeed, the General Assembly amended Section 1547(b)(2)(ii) by the act of July 20, 2017, P.L. 333 (effective immediately), to apply solely to breath testing:

> (2) It shall be the duty of the police officer to inform the person that:
>
> ***
>
> > (ii) If the person refuses to submit to chemical breath testing, upon conviction or plea for violating 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).

75 Pa. C.S. §1547(b)(2)(ii). The General Assembly also amended Section 75 Pa. C.S. §3804(c), by the act of July 20, 2017, P.L. 333 (effective immediately), to apply the highest blood alcohol rate to individuals refusing testing of breath "or testing of blood pursuant to a valid search warrant[.]" 75 Pa. C.S. §3804(c).

[3] Our review determines whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or abused its discretion. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203, 1205 (Pa. 1999). Our review over questions of law is plenary. *Deliman v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 388, 389 n.1 (Pa. Cmwlth. 1998).

4

Second, he contends that PennDOT is bound by former Section 1547(b)(2)(ii) of the Vehicle Code, which is not severable from the remainder of the Vehicle Code.

Licensee's two legal claims raised are identical to those raised and decided by this Court in *Garlick v. Department of Transportation, Bureau of Driver Licensing*, 176 A.3d 1030 (Pa. Cmwlth. 2018) (*en banc*). Therein, we held that *Birchfield* rendered the enhanced criminal penalties in former Section 1547(b)(2)(ii) of the Vehicle Code as applied to blood testing unenforceable and that former Section 1547(b)(2)(ii) of the Vehicle Code is severable from the remainder of the statute. We are bound by the holding in *Garlick*. Accordingly, we hold that the trial court did not err in denying Licensee's appeal.

Accordingly, the order of the trial court is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Anthony Turner,               :
                    Appellant       :
                                    :
            v.                      :  No. 1206 C.D. 2017
                                    :
Commonwealth of Pennsylvania,       :
Department of Transportation,       :
Bureau of Driver Licensing          :


# **O R D E R**


AND NOW, this 18th day of May, 2018, the order of the Court of Common Pleas of Northampton County, dated July 27, 2017, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge