IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David S. Richardson,                          :
                                              :
                              Appellant       :
                                              :
                 v.                           : No. 681 C.D. 2018
                                              : Argued: April 9, 2019
Commonwealth of Pennsylvania,                 :
Department of Transportation,                 :
Bureau of Driver Licensing                    :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  October 28, 2019


David S. Richardson (Licensee) appeals an order of the Court of Common Pleas of Lebanon County (trial court) dismissing his appeal of a one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department) pursuant to Section 1547(b)(1)(i) of the Vehicle Code,[1] commonly known as the Implied Consent Law, for refusing a blood

---

[1] 75 Pa. C.S. §1547(b)(1)(i), which states:

> (1) If any person placed under arrest for a violation of [Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802,] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person . . . for a period of 12 months.

test. Licensee argues that his license suspension must be set aside because he was not warned of the enhanced criminal penalties for refusing a blood test. We affirm.

On June 7, 2017, the Department notified Licensee that his operating privilege was suspended for one year for refusing to submit to a blood test. Licensee appealed, asserting that the license suspension was invalid because (1) the police officer did not have reasonable grounds to request him to submit to chemical testing and (2) the police officer did not comply with his statutory duty under former Section 1547(b)(2) of the Vehicle Code, *former* 75 Pa. C.S. §1547(b)(2), to inform Licensee that a refusal would subject him to enhanced criminal penalties. Reproduced Record (R.R.) at 5.

The trial court held a hearing on September 26, 2017. The Department submitted a packet of documents that was admitted without objection. The parties stipulated to the following facts. On May 28, 2017, Licensee was arrested by a police officer who had reasonable grounds to suspect that Licensee was driving or in physical control of a vehicle while under the influence of alcohol (DUI) in violation of Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802. Licensee was asked to submit to a chemical test of his blood. He refused, and a police officer read the implied consent warnings as they appear on form DL-26B.[2] R.R. at 14-15. Neither party presented oral argument.

On April 17, 2018, the trial court entered an order dismissing Licensee's appeal and reinstating Licensee's suspension. R.R. at 19. In doing so, the trial court specifically relied on the parties' stipulation of facts and this Court's decisions in *Garlick v. Department of Transportation, Bureau of Driver Licensing*,

_____

[2] Department's Exhibit 2.

176 A.3d 1030 (Pa. Cmwlth. 2018), and *Negovan v. Department of Transportation, Bureau of Driver Licensing*, 172 A.3d 733 (Pa. Cmwlth. 2017). R.R. at 19, 32.

On appeal to this Court,[3] Licensee first argues that, because the implied consent warnings read to him did not notify him that he would be subjected to enhanced criminal penalties if he refused the chemical blood test, the warning failed to satisfy the requirements of former Section 1547(b)(2)(ii) of the Vehicle Code, *former* 75 Pa. C.S §1547(b)(2)(ii),[4] rendering his suspension invalid. Licensee also argues that former Section 1547(b)(2)(ii) is not severable from the Vehicle Code.

However, on June 23, 2016 the United States Supreme Court rendered its decision in *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160 (2016), holding that the Fourth Amendment to the United States Constitution does not permit warrantless blood tests incident to arrests for DUI and that criminal penalties cannot

---

[3] Our scope of review is limited to determining whether necessary findings of the trial court are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Martinovic v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 30, 34 n.6 (Pa. Cmwlth. 2005). Our review over questions of law is plenary. *Deliman v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 388, 389 n.1 (Pa. Cmwlth. 1998).

[4] At the time of Licensee's arrest, former Section 1547(b)(2) stated:

> It shall be the duty of the police officer to inform the person that:
>
> (i) the person's operating privilege will be suspended upon refusal to submit to chemical testing; and
>
> (ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).

*Former* 75 Pa. C.S. §1547(b)(2).

be imposed upon a motorist who refuses a blood test without a search warrant. Subsequently, the Pennsylvania Superior Court held that absent a warrant "or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided [in the Vehicle Code]." *Commonwealth v. Giron*, 155 A.3d 635, 640 (Pa. Super. 2017). Thereafter, the Department created two separate DL-26 forms, one used for breath tests and the other for blood tests. As reflected on the Department's Exhibit C, the new form for blood tests no longer states that a refusal will subject a licensee to enhanced criminal penalties. On July 20, 2017, the General Assembly amended Section 1547(b)(2)(ii), which now applies if a person "refuses to submit to chemical *breath* testing." 75 Pa. C.S. §1547(b)(2)(ii) (emphasis added).

While the former version of Section 1547 was in effect at the time of Licensee's arrest, *Birchfield* prohibited its implementation. Nevertheless, Licensee argues that because the statute had not been amended at the time of his arrest, authorities had to continue applying former Section 1547 in its entirety, including the warning regarding enhanced criminal penalties for refusal of chemical testing.

Licensee's arguments are identical to those rejected by this Court in *Garlick*. Therein, we held that *Birchfield* rendered the enhanced criminal penalties in former Section 1547(b)(2)(ii) of the Vehicle Code unenforceable and that former Section 1547(b)(2)(ii) is severable from the remainder of the statute.

> Simply stated, enhanced criminal penalties were not a consequence of Licensee's refusing the requested blood test. Licensee's argument is, in effect, that because the General Assembly did not immediately amend Section 1547(b)(2)(ii), [the Department] and the police had to continue to apply Section 1547(b)(2)(ii). However, the effect of *Birchfield* and the Superior Court cases that followed was to render the criminal penalties warned of in Section 1547(b)(2)(ii) as applied to blood

4

testing unenforceable and to effectively sever that section from the rest of the Vehicle Code. *See* Section 1925 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1925 ("[t]he provisions of every statute shall be severable" with certain exceptions not applicable here); *Commonwealth v. Batts*, 163 A.3d 410, 441 (Pa. 2017) (emphasis added) (stating that "[i]f a provision of a statute is invalidated **for any reason** . . . a court must sever it from the remaining, valid portion of the statute").

*Garlick*, 176 A.3d at 1036. Applying our holding in *Garlick*, we conclude that the trial court did not err in denying Licensee's appeal.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David S. Richardson,                          :
                                              :
                    Appellant                 :
                                              :
          v.                                  : No. 681 C.D. 2018
                                              :
Commonwealth of Pennsylvania,                 :
Department of Transportation,                 :
Bureau of Driver Licensing                    :


# O R D E R


AND NOW, this 28th day of October, 2019, the order of the Court of Common Pleas of Lebanon County, dated April 17, 2018, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge